JULIA A. HAMILTON, Respondent, v. ARTHUR S. HAMILTON, Appellant.

Fourth Department, July 7, 1908.

Contract — promise to pay to third persons — consideration — evidence — delivery to promisee — admission by promisor.

Where by a written instrument a son agreed " for value received " to pay after the death of his father a certain sum as an annuity to his mother for life, and at her death to his sister for life, the words " for value received " import a sufficient consideration and are proof thereof in the absence of evidence to the contrary, whether or not the instrument be considered a promissory note.

It is not necessary to the validity of such agreement that the consideration came from the mother or the sister, for the contract is equally valid if the consideration proceeded from the father, even though he was under no legal obligation to make such a contract for their benefit.

Where in an action to recover on such an agreement acknowledging the receipt of a consideration, it is conceded that the instrument was executed at the request of the father, it will be presumed that he furnished a consideration in the absence of proof to the contrary.

As the promise to pay was made directly to the mother and sister at the request of the father, and was not a promise made to him for their benefit, the case does not fall within the principle of Lawrence v. Fox.

Where the complaint of the sister, suing to recover on such agreement after the death of her mother, alleges a delivery of the instrument to herself and the answer alleges a delivery to the father, and it appears that the son recognized the agreement as in force by making payments to his mother until she died and thereafter by making payments to the sister, who produces the instrument and offers it in evidence, it will be presumed in the absence of evidence to the contrary that her possession is lawful and antedates the payments made to her.

The payments to the sister are an admission of a delivery of the agreement to her in the absence of evidence to the contrary.

Fourth Department, July, 1908.          [Vol. 127.

APPEAL by the defendant, Arthur S. Hamilton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 4th day of April, 1908, upon the decision of the court rendered after a trial at the Monroe Trial Term, a jury having been waived.

The action is brought to recover the quarterly installments of $250 each, accruing during the six years prior to the commencement of this action on a written agreement signed by the defendant.

*Walter S. Hubbell,* for the appellant.

*Edwin A. Nash,* for the respondent.

Judgment affirmed, with costs, upon the opinion of FOOTE, J., delivered at Special* Term.

All concurred.

The following is the opinion of the court below.

FOOTE, J.:

This action is brought to recover the unpaid installments due upon the following agreement:

"$1,000.  Annuity.

"Payable Quarterly.          ROCHESTER, N. Y., *April* 15, 1874.

"For value received, I hereby promise to pay Mrs. Sarah Hamilton, the sum of $250 each first day of January, April, July and October, from and after the day of the death of our father, Samuel Hamilton.  These payments to be continued during the term of her life, and in case of her (Mrs. Sarah H.) death, the same shall be paid to her daughter (Julia A.) during her life.

                              "ARTHUR S. HAMILTON."

The parties are brother and sister and the children of the late Samuel Hamilton and Sarah Hamilton, his wife, both deceased. The complaint alleges that prior to the time of the making and delivery of this agreement the defendant had received from his father, Samuel Hamilton, large sums of money advanced by his said father from his estate, and in consideration thereof as a pro-

---

* Trial.— [REP.

vision said Samuel Hamilton desired to make for his wife, Sarah Hamilton, and for his daughter, the plaintiff, after his death, the defendant, upon the request of said Samuel Hamilton, made, executed and delivered said agreement to the payees therein named. The answer admits the making of said agreement upon the request of said Samuel Hamilton, and the receipt by the defendant from his father of large sums of money prior to the making thereof, but denies that said agreement was executed in consideration of said moneys so received from his father. The answer also denies that defendant delivered the agreement to the payees therein named, but admits that he delivered it to his father upon his request. The complaint also alleges, and the answer admits, that after the death of Samuel Hamilton, which occurred on January 26, 1876, the defendant paid to said Sarah Hamilton the annuity provided by said agreement, until her death, which occurred December 15, 1891, and thereafter to the plaintiff pursuant to such agreement until 1892, when defendant reduced his payments to $700 per year, to which plaintiff assented, and that in November, 1897, defendant informed the plaintiff that he was unable to furnish the plaintiff with any more money, and that since that time the defendant has not made any further payments to the plaintiff. The answer also alleges that said instrument was made and delivered without consideration either from Samuel Hamilton or Sarah Hamilton or the plaintiff, and that at the time the same was made the plaintiff was of full age, and that said Samuel Hamilton was not liable for her support or maintenance, or indebted to the plaintiff. The answer also sets up the six-year Statute of Limitations as to all installments which had accrued more than six years before the commencement of the action.

Upon the trial the plaintiff produced and put in evidence the agreement, and rested. The defendant then proved by his own testimony as a witness that at the date of the agreement, April 15, 1874, the plaintiff was over twenty-one years of age; that at that time he was in no way indebted to the plaintiff or to his mother, Sarah Hamilton, and that neither the plaintiff nor his mother paid him any valuable consideration for the agreement either at the time it was made or subsequently. The defendant then rested. The plaintiff thereupon moved for judgment for the amount of the pay-

ments maturing within six years from July 9, 1907, the day the action was commenced. The defendant moved for a dismissal of the complaint on the ground that there was no consideration for the agreement and that the consideration alleged had not been proved; also that the plaintiff was not a party to the contract, nor a privy; that there was no consideration moving from her, and that Samuel Hamilton was not indebted to her so as to bring her into privity. The case has since been argued and submitted upon briefs, but no further testimony was offered by either side.

The plaintiff contends that this agreement is a promissory note, under the Revised Statutes in force at the time it was made (1 R. S. 768, §§ 1, 4), and hence, that it was not necessary that a consideration should be expressed therein or alleged or proved in an action thereon; that the instrument, whether negotiable or not, imports a consideration. (*Carnwright* v. *Gray*, 127 N. Y. 92.)

It is not necessary to determine whether this instrument is technically a promissory note. It states on its face that it was given "for value received," and in the absence of evidence to the contrary, this is a sufficient acknowledgment or proof of consideration. (*Rice* v. *Rice*, 43 App. Div. 458; *Prindle* v. *Caruthers*, 15 N. Y. 425.)

It is not necessary to the validity of the agreement that the consideration should proceed from the plaintiff or her mother. The instrument is equally valid if the consideration proceeded from Samuel Hamilton, as alleged in the complaint. There is no proof that it did not, and as the agreement imports a consideration, we must assume that there was a sufficient consideration proceeding from a proper source, in the absence of evidence to the contrary. It being conceded by the pleadings that the instrument was executed upon the request of Samuel Hamilton, and the instrument acknowledging receipt of a consideration, it must be assumed that Samuel Hamilton furnished the consideration. If such is the case, the agreement is valid and enforcible in the hands of the plaintiff or her mother, although neither of them furnished any consideration and although Samuel Hamilton was under no legal obligation to make this provision for their benefit. (*Rector, etc.*, v. *Teed*, 120 N. Y. 583; *Horn* v. *Fuller*, 6 N. H. 511; *Eaton* v. *Libbey*, 165 Mass. 218.)

The case does not fall within the principle of *Lawrence* v. *Fox* (20 N. Y. 268), or any of that class of cases, for the reason that the promise which the plaintiff seeks to enforce is not a promise made to'Samuel Hamilton for her benefit as-in those cases, but one made directly to her at the request of Samuel Hamilton. The agreement sued on makes no promise whatever to Samuel Hamilton.

Was there a delivery of this agreement to the plaintiff? The complaint alleges a delivery to the plaintiff. The answer alleges a delivery to Samuel Hamilton. There is no testimony of witnesses upon the subject. It is conceded that the defendant recognized this agreement as in force from 1876, when Samuel Hamilton died, until December 15, 1891, when Sarah Hamilton died, by making the quarterly payments to his mother, Sarah Hamilton, and from December 15, 1891, until November, 1897, by making payments thereunder to the plaintiff. The plaintiff produces the agreement at the trial and offers it in evidence. It must be assumed that her possession is lawful and that it antedates the payments made thereon by the defendant to her. The payments are a sufficient admission by the defendant of a delivery of the agreement to the plaintiff, in the absence of all evidence to the contrary.

It follows that the plaintiff is entitled to recover for all payments maturing within six years prior to the 9th day of July, 1907.