MARION E. SEAVER, Respondent, *v.* MATT C. RANSOM
et al., as Executors of SAMUEL A. BEMAN, Deceased,
Appellants.

**Decedent's estate — contract — enforcement of contract made
by one party for benefit of another — promise by husband to
wife to leave property by his will to her niece — right of niece
to enforce such promise against estate of the husband.**

1. The general rule both in law and equity with reference to con-
tracts for the benefit of third persons was that privity between a plain-
tiff and a defendant is necessary to the maintenance of an action on
the contract.

2. It seems that the right of the donee beneficiary, as such, to
recover on the contract of a third party, made for his benefit, is gen-
erally upheld.   The general rule in this state sustaining recovery at
the suit of the third party would include but few classes of cases not
included in the following groups, either categeorically or in principle.
*First,* where there is a pecuniary obligation running from the promisee
to the beneficiary; a legal right founded upon some obligation of the
promisee in the third party to adopt and claim the promise as made
for his benefit.   *Secondly,* to cases where the contract is made for the
benefit of the near relation of a party to the contract.   *Thirdly,* the
public contract cases where the municipality seeks to protect its inhabit-
ants · by covenants for their benefit, and, *fourthly,* the cases where, at
the request of a party to the contract, the promise runs directly to the
beneficiary although he does not furnish the consideration.·

3. Where a childless wife, who desired to leave property to a
dependent niece, told her husband, who was a lawyer and had drawn
her will according to her instructions, that it was not as she wanted
it; that she wanted to leave her house and lot to such niece, but as
her strength was waning she was afraid she would not live long enough
to sign another will and her husband solemnly promised that, if she
signed this will, he would leave the niece enough in his will to make
up the deficit, and testatrix thereupon executed the will, but her
husband failed to carry out his promise, the situation differs
imperceptibly from the moral duty of the parent to make provision
for the child; the niece can maintain an action against the executors
of the husband's estate to enforce the promise, and her equities may
be enforced in this action, whether it be regarded as an action for

damages or an action for specific performance to convert the defendants into trustees for plaintiff's benefit under the agreement. (*Lawrence v. Fox*, 20 N. Y. 268, followed.)

*Seaver v. Ransom*, 180 App. Div. 734, affirmed.

(Argued June 12, 1918; decided October 1, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 7, 1918, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick H. Bryant* for appellants. Plaintiff cannot recover in an action at law. In order to give a third party, who may derive benefit from the performance of a promise, an action there must be: An intent by the promisee to secure some benefit to the third party; some privity between the two, the promisee and the party to be benefited, or some obligation or duty owing from the former to the latter, which would give plaintiff a legal or equitable claim to the benefit of the promise, or an equivalent from the promisee personally. (*Lawrence v. Fox*, 20 N. Y. 268; *Burr v. Beers*, 24 N. Y. 178; *Garnsey v. Rogers*, 47 N. Y. 233; *Vrooman v. Turner*, 69 N. Y. 280; *Lorillard v. Clyde*, 122 N. Y. 498; *Durnherr v. Rau*, 135 N. Y. 219; *Townsend v. Rackham*, 143 N. Y. 516; *French v. Vix*, 143 N. Y. 90; *Embler v. Hartford Steam Boiler Co.*, 158 N. Y. 431; *Borland v. Welch*, 162 N. Y. 104; *Rigney v. N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 31; *Wait v. Wilson*, 86 App. Div. 485; *Lockwood v. Smith*, 143 N. Y. Supp. 480; *Coleman v. Hiler*, 85 Hun. 547.). Specific performance cannot be decreed. (*Phalen v. U. S. Trust Co.*, 186 N. Y. 178.) There is no trust, express, implied or secret. (*Matter of O'Hara*, 95 N. Y. 403; *Amherst College v. Ritch*, 151 N. Y. 282; *Hamlin v*

*Stevens,* 177 N. Y. 39; *Mahaney* v. *Carr,* 175 N. Y. 454;
*Ide* v. *Brown,* 178 N. Y. 26; *Bull* v. *Bull,* 31 Hun, 69;
*Crippen* v. *Crippen,* 53 Hun, 233; *Ahrens* v. *Jones,* 169
N. Y. 555.)

*John P. Kellas* for respondent. The agreement
between Mrs. Beman and her husband at the time of
the execution of her will was valid and can be enforced
in this action. (*Amherst College* v. *Ritch,* 151 N. Y. 282;
*Matter of O'Hara,* 95 N. Y. 403; *Crippen* v. *Crippen,*
53 Hun, 232; *Bull* v. *Bull,* 31 Hun, 69; *Burr* v. *Burr,*
24 N. Y. 178; *Clark* v. *Howard,* 150 N. Y. 232; *Ahrens* v.
*Jones,* 169 N. Y. 555; *McClellan* v. *Grant,* 83 App. Div.
599; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Gallagher* v.
*Gallagher,* 135 App. Div. 457.)

POUND, J.  Judge Beman and his wife were advanced
in years.  Mrs. Beman was about to die.  She had a
small estate consisting of a house and lot in Malone and
little else.  Judge Beman drew his wife's will according
to her instructions.  It gave $1,000 to plaintiff, $500 to
one sister, plaintiff's mother, and $100 each to another
sister and her son, the use of the house to her husband
for life, remainder to the American Society for the Pre-
vention of Cruelty to Animals.  She named her husband
as residuary legatee and executor.  Plaintiff was her
niece, thirty-four years old, in ill health, sometimes a
member of the Beman household.  When the will was
read to Mrs. Beman she said that it was not as she
wanted it; she wanted to leave the house to plaintiff.
She had no other objection to the will, but her strength
was waning and although the judge offered to write
another will for her, she said she was afraid she would
not hold out long enough to enable her to sign it.  So
the judge said if she would sign the will he would leave
plaintiff enough in his will to make up the difference.  He

avouched the promise by his uplifted hand with all solemnity and his wife then executed the will. When he came to die it was found that his will made no provision for the plaintiff.

This action was brought and plaintiff recovered judgment in the trial court on the theory that Beman had obtained property from his wife and induced her to execute the will in the form prepared by him by his promise to give plaintiff $6,000, the value of the house, and that thereby equity impressed his property with a trust in favor of plaintiff. Where a legatee promises the testator that he will use property given him by the will for a particular purpose, a trust arises. (*O'Hara* v. *Dudley*, 95 N. Y. 403; *Trustees of Amherst College* v. *Ritch*, 151 N. Y. 282; *Ahrens* v. *Jones*, 169 N. Y. 555.) Beman received nothing under his wife's will but the use of the house in Malone for life. Equity compels the application of property thus obtained to the purpose of the testator, but equity cannot so impress a trust except on property obtained by the promise. Beman was bound by his promise, but no property was bound by it; no trust in plaintiff's favor can be spelled out.

An action on the contract for damages or to make the executors trustees for performance stands on different ground. (*Farmers Loan & Trust Co.* v. *Mortimer*, 219 N. Y. 290, 294, 295.) The Appellate Division properly passed to the consideration of the question whether the judgment could stand upon the promise made to the wife, upon a valid consideration, for the sole benefit of plaintiff. The judgment of the trial court was affirmed by a return to the general doctrine laid down in the great case of *Lawrence* v. *Fox* (20 N. Y. 268) which has since been limited as herein indicated.

Contracts for the benefit of third persons have been the prolific source of judicial and academic discussion. (Williston, Contracts for the Benefit of a Third Person,

15 Harvard Law Review, 767; Corbin, Contracts for the Benefit of Third Persons, 27 Yale Law Review, 1008.) The general rule, both in law and equity (*Phalen* v. *U. S. Trust Co.*, 186 N. Y. 178, 186), was that privity between a plaintiff and a defendant is necessary to the maintenance of an action on the contract. The consideration must be furnished by the party to whom the promise was made. The contract cannot be enforced against the third party and, therefore, it cannot be enforced by him. On the other hand, the right of the beneficiary to sue on a contract made expressly for his benefit has been fully recognized in many American jurisdictions, either by judicial decision or by legislation, and is said to be " the prevailing rule in this country." (*Hendrick* v. *Lindsay*, 93 U. S. 143; *Lehow* v. *Simonton*, 3 Col. 346.) It has been said that " the establishment of this doctrine has been gradual, and is a victory of practical utility over theory, of equity over technical subtlety." (Brantly on Contracts [2d ed.], p. 253.) The reasons for this view are that it is just and practical to permit the person for whose benefit the contract is made to enforce it against one whose duty it is to pay. Other jurisdictions still adhere to the present English rule (7 Halsbury's Laws of England, 342, 343; Jenks' Digest of English Civil Law, § 229) that a contract cannot be enforced by or against a person who is not a party. (*Exchange Bank* v. *Rice*, 107 Mass. 37; but see, also, *Forbes* v. *Thorpe*, 209 Mass. 570; *Gardner* v. *Denison*, 217 Mass. 492.) In New York the right of the beneficiary to sue on contracts made for his benefit is not clearly or simply defined. It is at present confined, *first*, to cases where there is a pecuniary obligation running from the promisee to the beneficiary; " a legal right founded upon some obligation of the promisee in the third party to adopt and claim the promise as made for his benefit." (*Farley* v. *Cleveland*, 4 Cow. 432; *Lawrence* v. *Fox*, *supra;*

*Garnsey* v. *Rogers*, 47 N. Y. 233; *Vrooman* v. *Turner*, 69 N. Y. 280; *Lorillard* v. *Clyde*, 122 N. Y. 498; *Durnherr* v. *Rau*, 135 N. Y. 219; *Townsend* v. *Rackham*, 143 N. Y. 516; *Sullivan* v. *Sullivan*, 161 N. Y. 554.) *Secondly*, to cases where the contract is made for the benefit of the wife (*Buchanan* v. *Tilden*, 158 N. Y. 109; *Bouton* v. *Welch*, 170 N. Y. 554), affianced wife (*De Cicco* v. *Schweizer*, 221 N. Y. 431), or child (*Todd* v. *Weber*, 95 N. Y. 181, 193; *Matter of Kidd*, 188 N. Y. 274) of a party to the contract. The close relationship cases go back to the early King's Bench case (1677), long since repudiated in England, of *Dutton* v. *Poole* (2 Lev. 210; *s. c.*, 1 Ventris, 318, 332). (*Schemerhorn* v. *Vanderheyden*, 1 Johns. 139.) The natural and moral duty of the husband or parent to provide for the future of wife or child sustains the action on the contract made for their benefit. " This is the farthest the cases in this state have gone," says CULLEN, J., in the marriage settlement case of *Borland* v. *Welch* (162 N. Y. 104, 110).

The right of the third party is also upheld in, *thirdly*, the public contract cases (*Little* v. *Banks*, 85 N. Y. 258; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *Smyth* v. *City of New York*, 203 N. Y. 106; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 N. Y. 40, 48; *Rigney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 31; *Matter of International Ry. Co.* v. *Rann*, 224 N. Y. 83; cf. *German Alliance Ins. Co.* v. *Home Water Supply Co.*, 226 U. S. 220) where the municipality seeks to protect its inhabitants by covenants for their benefit and, *fourthly*, the cases where, at the request of a party to the contract, the promise runs directly to the beneficiary although he does not furnish the consideration. (*Rector, etc.*, v. *Teed*, 120 N. Y. 583; *F. N. Bank of Sing Sing* v. *Chalmers*, 144 N. Y. 432, 439; *Hamilton* v. *Hamilton*, 127 App. Div. 871, 875.) It may be safely said that a general rule sustaining recovery at the suit of the third

party would include but few classes of cases not included in these groups, either categorically or in principle.

The desire of the childless aunt to make provision for a beloved and favorite niece differs imperceptibly in law or in equity from the moral duty of the parent to make testamentary provision for a child. The contract was made for the plaintiff's benefit. She alone is substantially damaged by its breach. The representatives of the wife's estate have no interest in enforcing it specifically. It is said in *Buchanan* v. *Tilden* that the common law imposes moral and legal obligations upon the husband and the parent not measured by the necessaries of life. It was, however, the love and affection or the moral sense of the husband and the parent that imposed such obligations in the cases cited rather than any common-law duty of husband and parent to wife and child. If plaintiff had been a child of Mrs. Beman, legal obligation would have required no testamentary provision for her, yet the child could have enforced a covenant in her favor identical with the covenant of Judge Beman in this case. (*De Cicco* v. *Schweizer, supra.*) The constraining power of conscience is not regulated by the degree of relationship alone. The dependent or faithful niece may have a stronger claim than the affluent or unworthy son. No sensible theory of moral obligation denies arbitrarily to the former what would be conceded to the latter. We might consistently either refuse or allow the claim of both, but I cannot reconcile a decision in favor of the wife in *Buchanan* v. *Tilden* based on the moral obligations arising out of near relationship with a decision against the niece here on the ground that the relationship is too remote for equity's ken. No controlling authority depends upon so absolute a rule. In *Sullivan* v. *Sullivan* (*supra*) the grandniece lost in a litigation with the aunt's estate founded on a certificate of deposit payable to the aunt " or in case of her death to her niece," but

what was said in that case of the relations of plaintiff's intestate and defendant does not control here, any more than what was said in *Durnherr* v. *Rau* (*supra*) on the relation of husband and wife, and the inadequacy of mere moral duty, as distinguished from legal or equitable obligation, controlled the decision in *Buchanan* v. *Tilden.* *Borland* v. *Welch* (*supra*) deals only with the rights of volunteers under a marriage settlement not made for the benefit of collaterals.

KELLOGG, P. J., writing for the court below well said: "The doctrine of *Lawrence* v. *Fox* is progressive, not retrograde. The course of the late decisions is to enlarge, not to limit the effect of that case." The court in that leading case attempted to adopt the general doctrine that any third person, for whose direct benefit a contract was intended, could sue on it. The head note thus states the rule. FINCH, J., in *Gifford* v. *Corrigan* (117 N. Y. 257, 262) says that the case rests upon that broad proposition; EDWARD T. BARTLETT, J., in *Pond* v. *New Rochelle Water Co.* (183 N. Y. 330, 337) calls it "the general principle;" but *Vrooman* v. *Turner* (*supra*) confined its application to the facts on which it was decided. "In every case in which an action has been sustained," says ALLEN, J., "there has been a debt or duty owing by the promisee to the party claiming to sue upon the promise." (69 N. Y. 285.) As late as *Townsend* v. *Rackham* (143 N. Y. 516, 523) we find PECKHAM, J., saying that "to maintain the action by the third person there must be this liability to him on the part of the promisee." *Buchanan* v. *Tilden* went further than any case since *Lawrence* v. *Fox* in a desire to do justice rather than to apply with technical accuracy strict rules calling for a legal or equitable obligation. In *Embler* v. *Hartford Steam Boiler Inspection & Ins. Co.* (158 N. Y. 431) it may at least be said that a majority of the court did not avail themselves of the opportunity to concur with the

views expressed by GRAY, J.,— who wrote the dissenting opinion in *Buchanan* v. *Tilden*,— to the effect that an employee could not maintain an action on an insurance policy issued to the employer, which covered injuries to employees.

In *Wright* v. *Glen Telephone Co.* (48 Misc. Rep. 192, 195) the learned presiding justice who wrote the opinion in this case said, at Trial Term: " The right of a third person to recover upon a contract made by other parties for his benefit must rest upon the peculiar circumstances of each case rather than upon the law of some other case." " The case at bar is decided upon its peculiar facts." (EDWARD T. BARTLETT, J., in *Buchanan* v. *Tilden.*) But, on principle, a sound conclusion may be reached. If Mrs. Beman had left her husband the house on condition that he pay the plaintiff $6,000 and he had accepted the devise, he would have become personally liable to pay the legacy and plaintiff could have recovered in an action at law against him, whatever the value of the house. (*Gridley* v. *Gridley*, 24 N. Y. 130; *Brown* v. *Knapp*, 79 N. Y. 136, 143; *Dinan* v. *Coneys*, 143 N. Y. 544, 547; *Blackmore* v. *White*, [1899] 1 Q. B. 293, 304.) That would be because the testatrix had in substance bequeathed the promise to plaintiff and not because close relationship or moral obligation sustained the contract. The distinction between an implied promise to a testator for the benefit of a third party to pay a legacy and an unqualified promise on a valuable consideration to make provision for the third party by will is discernible but not obvious. The tendency of American authority is to sustain the gift in all such cases and to permit the donee-beneficiary to recover on the contract. (*Matter of Edmundson's Estate*, [1918, Pa.] 103 Atl. Rep. 277.) The equities are with the plaintiff and they may be enforced in this action, whether it be regarded as an

16

action for damages or an action for specific performance to convert the defendants into trustees for plaintiff's benefit under the agreement.

The judgment should be affirmed, with costs.

HOGAN, CARDOZO and CRANE, JJ., concur; HISCOCK, Ch. J., COLLIN and ANDREWS, JJ., dissent.

Judgment affirmed.