Misc.] Appellate Term, First Department, December, 1918.

ordinance providing that certain cellarways " shall be inclosed * * * with two iron chains * * * to be closed during the night," etc., as placing upon the person in control the duty of *keeping* the chains closed, although the ordinance did not in terms so require.

The respondent urges also that the darkness was not the proximate cause of the accident. We deem it to be very plain that it was an efficient concurring cause. *Sweet* v. *Perkins,* 196 N. Y. 482. The case of *Maringer* v. *Hill,* 146 App. Div. 720, is not an authority to the contrary. *Horn* v. *Breakstone,* 75 Misc. Rep. ·343, a City Court trial term decision, was rested upon the authority of *Davy* v. *Lyons,* 71 id. 139, a peculiar case, where it may have been difficult to see how the absence of light contributed to the accident. If, however, the majority opinion in the *Davy* case be deemed to support the respondent's contention here, we are unable to follow it.

GUY and WEEKS, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

---

WILLIAM C. BALDWIN, Respondent, *v.* SUE LUDWIG et al., Appellants.

(Supreme Court, Appellate Term, First Department, December, 1918.)

Guaranty — who not entitled to sue thereon — action to recover for goods sold — judgments.

The defendant catering company obtained the privilege of operating a restaurant in a hotel owned by an estate upon the execution by the individual defendants jointly and severally

Appellate Term, First Department, December, 1918.   [Vol. 105.

of a guaranty to the estate that the catering company would promptly pay all bills and accounts contracted in the conduct of its business.   In an action·against the corporation and the individuals who signed the guaranty to recover for goods sold to the company upon credit and which were not paid for, *held,* that while a judgment was proper against the company it was error to give judgment against the individual defendants, because the plaintiff, being a stranger to the guaranty, was not entitled to sue thereon.

APPEAL by defendants from· a judgment of the Municipal Court of the city of New ¡York, borough of Manhattan, ninth district, in favor of the plaintiff, after trial by the court without a jury.

Hirschman & Drucker (Joseph Hirschman, of counsel), for appellants.

Henry Levis, for respondent.

MULLAN, J.   The estate of E. V. Loew owned the Hotel Brunswick, in which there was a restaurant. The defendant Ludwig Catering Company applied for the privilege of operating the restaurant, and obtained it upon procuring the execution by the individual defendants of the following instrument of guaranty: " In consideration of the sum of one dollar, and other good and valuable considerations to each of us in hand paid by the Estate of E. V. Loew, the receipt whereof is hereby acknowledged, we do hereby jointly and severally guarantee, promise and agree to and with the said Estate of E. V. Loew that the Ludwig Catering Co. the corporation named in the within contract, will promptly pay all bills and accounts contracted in the conduct of its business.   And we do jointly and severally waive and dispense with any demand on

said Ludwig Catering Co. and any notice of non-performance on its part.''

The plaintiff and his assignor, tradesmen who furnished goods to the Ludwig Catering Company upon credit, were not paid, and this suit is brought against the corporation and the individuals who signed the guaranty. The amount of the debt due by the corporation, its non-payment, and the execution of the guaranty are admitted, and it is conceded that the judgment against the catering company was well rendered; but the individual defendants contend that it was error to give judgment against them, and we think they are clearly right.

The plaintiff claims that the contract of guaranty was made at least in part for the benefit of those extending credit to the catering concern, and that they may sue upon it under the doctrine of *Lawrence* v. *Fox,* 20 N. Y. 268. The doctrine has not been so extended. See *Seaver* v. *Ransom,* 224 N. Y. 233. There was no privity between the promisee, the estate of E. V. Loew, and the tradesmen creditors of the catering company. The promisee was under no obligation to persons in plaintiff's situation, and quite plainly its exaction of the guaranty was not to advantage possible future creditors of the catering company, but to satisfy aims of its own, the precise nature of which we do not think it is necessary to inquire into. The plaintiff and the other creditors of the catering company were mere strangers, and they are not entitled to sue upon the guaranty. *Vrooman* v. *Turner,* 69 N. Y. 280. The rule of the cases that have allowed a recovery by a member of the public in whose interest a contract has been made by a municipality (*Schnaier* v. *Bradley Contracting Co.,* 181 App. Div. 538; *Seaver* v. *Ransom, supra*), is, of course, inapplicable.

Appellate Term, First Department, December, 1918. [Vol. 105.

Judgment reversed, as against the individual defendants, with thirty dollars costs, and complaint dismissed as to them with appropriate costs in the court below.

GUY and WEEKS, JJ., concur.

Judgment reversed, as against individual defendants, with costs.