GEORGE B. READ, Appellant, *v.* ARTHUR E. MORFORD, Respondent.

First Department, November 3, 1922.

Contracts — action to recover on agreement to pay interest to plaintiff's assignor on note for loan to defendant from payee — question for jury whether agreement was binding and enforcible by plaintiff's assignor — present action is on obligation independent of note.

The defendant, who had given his note to one McKay for borrowed money, sent to the plaintiff's assignor a signed statement or agreement in part as follows: " Upon request of Mr. A. A. McKay, beg to advise that I agree to send to you interest amounting to $125.00 semi-annually  *  *  *.  Payments to continue until such time as said obligation is satisfied."

*Held*, that in an action to recover unpaid interest, there was a question of fact as to whether there was a binding agreement whereby McKay agreed to give up his right to receive interest in return for defendant's promise to make payments to plaintiff's assignor or whether the agreement was to make payments so long as the defendant and McKay were willing to have it done as a gift.

If there were a binding agreement to make payments to plaintiff's assignor then that promise could be enforced by the plaintiff.

The defendant's contention that in any event the interest cannot be recovered after the due date of the note and that the payments of interest cannot be separated from the note itself cannot be sustained inasmuch as the present action is upon an independent agreement and not upon the original obligation.

SMITH, J., dissents.

APPEAL by the plaintiff, George B. Read, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 12th day of January, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Henry C. Quinby* [*Leverett J. Luce* of counsel], for the appellant.

*Hoadly, Lauterbach & Johnson* [*P. J. Rooney* of counsel; *Henry Siegrist* with him on the brief], for the respondent.

FINCH, J.:

The action is in contract. The facts, in so far as they are necessary to present the questions decided, are briefly as follows:

The defendant duly gave to one McKay a promissory note whereby said defendant promised to pay three years after date to the order of said McKay the sum of $5,000 with interest at five per cent per annum in return for a loan made to him by McKay. Before the note came due, McKay requested the defendant to pay the interest to the plaintiff's assignor, who was the stepmother of the defendant. The defendant wrote to his stepmother as follows:

" Upon request of Mr. A. A. McKay, beg to advise that I agree to send to you interest amounting to $125.00 semi-annually, payable October first (Oct. 1st) and April first (April 1st) of each year on account of my obligation to him.

" Payments to continue until such time as said obligation is satisfied.                                      " A. E. MORFORD."

The defendant made one or two payments in accordance with said letter and then defaulted. The learned trial court in dismissing the complaint at the close of the plaintiff's case was in error. There was a question of fact as to what were the terms of the understanding between the defendant and McKay. If the facts were that McKay agreed to give up his right to receive interest in return for defendant's promise to make the payments to plaintiff's assignor in accordance with the letter, the promise could be enforced by the plaintiff in accordance with the authorities. (*Seaver* v. *Ransom,* 224 N. Y. 233, 237.) Whether the agreement was as above outlined, or whether the defendant was to make these payments so long as the defendant and McKay were willing to have it done as a gift which could be withdrawn at any time, and not as a binding agreement (which was the contention of the defendant), presented a question of fact which should have been submitted to the jury. The letter itself showed that it was written at the *request* of McKay and recites an *agreement* on the part of the defendant. After McKay's death, apparently by way of defense to the claim of McKay's executors for payment of principal and interest, the defendant wrote, among other things, as follows: " You spoke in the notice of the interest at 5 percent, perhaps you were not aware that Mr. McKay requested to pay this interest to my step-mother, Mrs. T. T. Morford, and of this I have been able to pay but one year, and that was through the generosity of my wife, who advanced it to her from her savings."

Previously, defendant had written plaintiff's assignor as follows: " Dear Mother:

" I am truly sorry that I am not in a position to pay the interest on Mr. McKay's note."

Defendant himself testified that McKay asked the defendant " to pay the interest to her instead of to him." It is true that the defendant also testified that McKay had said " he thought it would help her and be as usual a charity on his part," but this would apply equally whether a binding agreement was made or a gift to continue as long as either McKay or the defendant wished. It is also to be noted that McKay never asked for the interest

**168** Zurich General Accident, etc., Co. *v.* Union F. Co.

Second Department, November, 1922. [Vol. 203

himself. Defendant was an interested witness. There were thus facts and inferences from these facts from which a jury might well have inferred that a binding agreement was made. Defendant urges that as the executors of McKay, since his death, have demanded the principal and interest, the defendant may have to pay the interest twice. In so urging, the defendant loses sight of the fact that if the plaintiff recovers here, it will be only because of a binding agreement on McKay's part to forego the payment of interest.

Respondent also urges that, in any event, interest cannot be recovered after the due date of the note, and also that the payments of interest cannot be separated from the note itself. In this the respondent is in error, since he loses sight of the basis of the obligation of the defendant, which is upon a written contract to pay, namely, the writing set forth above, and not upon the original obligation, which *pro tanto* was released if the jury find the facts as contended for by the plaintiff.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Clarke, P. J., Merrell and Greenbaum, JJ., concur; Smith, J., dissents.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.