ADRIENNE JACOBY, Trading under the Firm Name and Style of JACOBY & LANG, Appellant, *v.* JAMES SPEYER and Others, Doing Business under the Firm Name and Style of SPEYER & Co., Respondents.

Supreme Court, Appellate Term, First Department, April 12, 1926.

**Banks and banking — action to recover moneys deposited with defendants for transfer to credit of firm in Germany — no evidence that plaintiff has succeeded to rights of firm — contract for remittance was not made for benefit of plaintiff — defendants followed usual practice of cashing check received and crediting amount for account of firm in German bank — plaintiff cannot recover.**

The plaintiff cannot recover the amount of certain checks remitted by her to the defendants for the purpose of transferring money to a firm in Germany although it is admitted that the German firm did not receive the money, since there is no evidence that the plaintiff has succeeded to the rights of the German firm and since it does not appear that the contract was made with the defendants for

3

the benefit of the plaintiff, and since it further appears that the defendants followed their usual practice, where checks were sent to them by the plaintiff for transmission, by cashing the checks and crediting the amount for the account of the German firm with a German bank.

LEVY, J., dissents, with opinion.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of defendants.

*Rudolph Marks* [*Max Schellitzer* of counsel], for the appellant.

*R. R. Loening* [*Charles A. Ellis* of counsel], for the respondents.

CHURCHILL, J.  Plaintiff alleged that $253 belonging to her had been received by defendants from one Paula Jacoby Pick, which defendants agreed to remit to plaintiff in Germany; that defendants had failed to remit the money but still retained it and refused to pay it over after demand.

On the trial it was shown that certain checks were sent to defendants by Mrs. Pick with the request that they be sent " in the usual way " to Jacoby & Lang, at Mainz, Germany.  There was no proof that the moneys in question were the property of either plaintiff or Jacoby & Lang.  But plaintiff urges that she is entitled to recover on the theory that the agreement for remittance, made between Mrs. Pick and defendants, was a contract for the benefit of Jacoby & Lang and that she is the successor in interest of Jacoby & Lang — it being conceded that the moneys were never received by that firm.

At the close of the whole case the court reserved decision and later directed judgment for defendants.  Plaintiff appeals.

The judgment must be affirmed for several reasons:

1. There is no competent evidence that plaintiff has succeeded to the rights of Jacoby & Lang.

2. The contract is not one within the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) as modified by later cases.  (*Seaver* v. *Ransom,* 224 N. Y. 233.)

3. It was shown on the trial that the defendants had for many years been in the habit of receiving remittances from Mrs. Pick to be transmitted to Jacoby & Lang and that in the present case they followed precisely the practice which they had been accustomed to follow, to her knowledge, in the previous cases, and that they advised her of their action in the present case to which she, apparently, and quite naturally, made no objection.  It is evident that there was no intention that the checks themselves should be forwarded to Germany.  The checks were to be collected here and their proceeds credited to the German bank.  In other words, the defendants did all that they can properly be held to have

agreed to do and are, therefore, under no liability either to Mrs. Pick or to any one else.

We have examined the record and briefs on the former appeal. The case had been tried very briefly and informally and the court had dismissed the complaint on the merits at the end of plaintiff's case on defendants' motion, which did not specify any grounds for the dismissal. We reversed and sent the case back for a new trial.

On the first trial there had been proof of the German law which appeared to show that plaintiff had succeeded to any right or title of the firm of Jacoby & Lang, which evidence is lacking here. The complaint having been framed on the theory that the moneys in question belonged to plaintiff when deposited with defendants, the question of her right to sue as the beneficiary of an executory contract did not arise, and was not argued or considered on the former appeal. Nor did it then appear that the defendants had followed in this case the course uniformly followed by them in hundreds of previous cases during a period of years. Hence, we think, our previous decision presents no obstacle to a proper disposition of the present appeal on its merits.

Judgment affirmed, with twenty-five dollars costs.

LEVY, J. (dissenting). We are now reviewing the result of a second trial of an action to recover the sum of $253 for the failure of the defendants, bankers in New York, to transmit that amount to the plaintiff in Mainz, Germany, in accordance with the direction of one Paula Jacoby Pick who intrusted this duty to the defendants by a letter dated March 28, 1916. The writer inclosed two checks aggregating the sum mentioned and requested them to " please send in the usual way to Jacoby & Lang, Mainz. Will you please take care that the letter will go forward on SS United States? " Jacoby & Lang was the trade name of the plaintiff. Admittedly she never received the money and the defendants never transmitted it to her directly, but they claim to have discharged their trust by following the previous course of dealings with the sender, whereby a number of former remittances to the very same plaintiff were forwarded by crediting the amounts for the account of the latter with the Disconto Gesellschaft of Mainz, a banking institution of Germany, where, as already pointed out, the plaintiff is located. There can be no serious dispute but that the defendants did actually credit that bank with this sum of money on their books, but, unfortunately, the notification of this fact so as to make the credit available did not reach the German bank until approximately three years later, although forwarded promptly. By that time, however, the funds were not within the reach of the German banking insti-

tution or of this plaintiff, because the Disconto Gesellschaft credits of these defendants had been turned over by the latter to the Federal Alien Property Custodian.

Upon the first trial of this cause the complaint was dismissed, and on appeal we reversed this disposition and held that the plaintiff had established a *prima facie* case. In the light of this it would seem as though we should properly enter upon a consideration of the sufficiency of the separate defenses, which are substantially (1) that the defendants discharged their duty by crediting the account of the German bank with the money; and (2) that they paid the money over to the Alien Property Custodian, against whom it is argued the claim should be made.

I cannot agree with the determination implied by the affirmance of the court below that defendants as a matter of law discharged their duty in the premises. Even if we construe the letter of instruction to forward the money to the plaintiff as an order to credit the funds, in accordance with the course of previous dealings between the parties, to the Disconto Gesellschaft instead of to Jacoby & Lang directly, the evidence clearly shows this to be but a mere bookkeeping entry of the defendants. As the German bank had no notice of such a credit, it was not in a position to make these funds available to the plaintiff; especially is this so when it is recalled that when it received the instruction its American funds were in the hands of the Alien Property Custodian. In any event, until the notice was received by that bank the defendants' duty was not discharged. (*Landesberg* v. *Bankers Trust Co.*, 121 Misc. 117.) As this very court said in that case, the defendants agreed to do a specific thing and they utterly and completely failed.

Assuming, however, that payment to the Alien Property Custodian would exonerate the defendants in these circumstances, they did not sustain the burden of proving that they actually made it. Plaintiff's attorney made an earnest effort, before the inception of the litigation, to trace the connection between the moneys claimed and those turned over to the Federal custodian, but his inquiries were met with the reply that the defendants were " unable to state that the item of $253 credited by us on March 29, 1916, to the Direction der Disconto Gesellschaft, Mainz, was included in the $650.53 turned over to the Alien Property Custodian by us." This, it would appear, clearly indicates that the affirmative defense in this respect has failed.

But the right of recovery by the plaintiff has been challenged by the court below on the ground that while she is a third party beneficiary she does not come fully within the rule of *Lawrence* v. *Fox* (20 N. Y. 268). To this I cannot subscribe, as the tendency of

the late cases undoubtedly is to enlarge, not to limit, the scope of that case. (*Seaver* v. *Ransom*, 224 N. Y. 233.) The trial judge, in his opinion, held that the effect of that case, notwithstanding its liberal tendency, is to restrict the right of recovery to third party beneficiaries to whom the promisee owes at least a moral duty. Admitting this limitation, nevertheless the record of an extended course of dealing between the parties over a period of years prior to this transaction, as revealed by the evidence offered by the very defendants, could not but lead to the inference that the relation between these parties was wholly contractual and that the plaintiff fully brought herself within even the narrow limits of the rule in *Lawrence* v. *Fox.*

I, therefore, vote to reverse the judgment.