THOMAS PRESCOTT, as Administrator, etc., of RUSSELL PRESCOTT Deceased, Plaintiff, *v.* ANSON B. COLLINS, Doing Business under the Name and Style of " COLLINS· BROTHERS," Defendants.

ALPHONSE PERRAS, as Administrator, etc., of ARTHUR PERRAS, Deceased, Plaintiff, *v.* ANSON B. COLLINS, Doing Business under the Name and Style of " COLLINS BROTHERS," Defendant.

FRANCIS MURRAY, as Administrator, etc., of ROGER MURRAY, Deceased, Plaintiff, *v.* ANSON B. COLLINS, Doing Business under the Name and Style of " COLLINS BROTHERS," Defendant.

Supreme Court, Albany County, January 10, 1942.

*Carter & Conboy,* for the plaintiffs.

*Ainsworth & Sullivan,* for the defendant.

RUSSELL, J. Upon the return of an order to show cause the defendant has moved this court for an order dismissing the cause of action numbered and designated " Third " in each complaint for failure to constitute a cause of action.

The complaints in the three actions are brought on behalf of three deceased infants for damages resulting from their deaths allegedly arising out of an occurrence on December 26, 1939, near the Barge Canal property in the town of Waterford, N. Y., wherein they met their deaths as a result of an explosion of a certain dynamite magazine.

In each complaint there are three causes of action, one founded in negligence, the second in nuisance, and the third upon an alleged violation of the provisions of a certain contract entered into between the defendant and the State of New York under which contract the defendant was then and there engaged in certain work on the Barge Canal.

This motion relates to the third cause of action.

Paragraph " Fifteenth " in the third cause of action of plaintiffs' complaints alleges as follows: " That the contract made by the defendant with the State of New York and hereinbefore described provides, among other things, that ' The amount of explosives to be used and the quantity to be kept on hand and the precautions to be taken by the contractor shall at all times and places be such that no damage shall be done to any person or property.' "

Paragraph " Sixteenth " of the complaints alleges that the defendant violated and breached the provisions of the contract. It is the contention of the defendant that the provision of the contract between the defendant and the State of New York does not give the plaintiffs any cause of action against the defendant.

Among other things in the contract we find also the following provisions:

" The contractor shall be responsible for all damages to persons or property that occur as result of his fault or negligence in connection with the prosecution of the work."

" The contractor shall be responsible for the proper care and protection of all materials delivered and work performed until completion and final acceptance."

In an action of this nature the courts have generally held that such a contract is made for the benefit of those to whom the public authority owes an obligation of protection. (*Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330.)

The principle extends to situations where a municipality seeks to protect its inhabitants " by covenants for their benefit." (*Seaver* v. *Ransom*, 224 N. Y. 233, 238 and cases cited.)

There is a class of cases through all of which " there runs as a unifying principle the presence of an intention to compensate the individual members of the public in the event of a default," and also there is a class of cases where covenants are made by contractors

upon public works, not merely to indemnify the municipality, but to assume its liabilities. *(Moch Co. v. Rensselaer Water Co.,* 247 N. Y. 160, 166.)

The terms of the contract are apparently within the class of cases above cited.

I am, therefore, of the opinion that the motion to dismiss the " Third " cause of action in each complaint should be denied.

Motion denied. Submit order.