GABRIEL RONZO, Plaintiff, *v.* VERNON INDUSTRIES, INC., et al., Defendants.

Supreme Court, Special Term, Monroe County, August 5, 1949.

*Claus & Meagher* for plaintiff.

*Block, Smith & Antell* for Vernon Industries, Inc., defendant.

WHEELER, J. Plaintiff has sued upon defendants' promissory note, which, on its face, has matured. Defendant Vernon Industries, Inc., apparently the only defendant served, has answered, setting up a general denial and interposing two distinct and separate defenses. The first affirmative defense, the only point seriously urged by the defendant, is that the plaintiff had agreed to forbear suit or not press his claim for at least two years after March, 1948.

The alleged promise of the plaintiff was not, however, made to this defendant, but was a promise from the plaintiff to one James R. Waring. The circumstances alleged in the defense indicate that the plaintiff, at a time when the defendant corporation was insolvent and its assets subject to foreclosure of a mortgage held by Mr. Waring, released to Waring the 200 shares of common stock of the defendant corporation plaintiff

held as collateral for the subject note, and promised Waring that he would not sue upon or press his claim for at least two years or until all other creditors except Waring had been paid. In exchange for this promise, Waring is alleged to have agreed to forbear foreclosure of his mortgage, and to take over the control and management of the corporation, " it being understood and agreed that all other creditors would be paid from the assets of the defendant corporation as soon as possible," with the exception of Waring.

There is little question but that the defense pleaded would be valid as a matter of law were Waring the defendant in this action. Plaintiff contends, however, that any alleged promise was not made to the defendant corporation and for that reason cannot be pleaded in defense in an action against the corporation. Plaintiff and defendant are well agreed on the principles of law involved, i.e., that the matter is one of the rights of a third-party beneficiary. And both parties are not far divergent on the rules of law in this State regarding the subject.

Their area of conflict lies in the application of the law to the alleged facts. Plaintiff maintains that the defendant corporation would be at best only an incidental beneficiary to the contract and as such may not plead plaintiff's promise to another. The defendant, on the other hand, asserts the position of the defendant corporation to be one of that class of beneficiaries known as " donee " beneficiaries.

After *Seaver* v. *Ransom* (224 N. Y. 233) there is little doubt that the essential requirement of the relationship is the intent of contracting parties. To permit a third-party beneficiary to enforce a contract against the promisor, it appears only necessary that the intention of the contracting parties was clearly to benefit the third party. Such a third party is, indeed, a donee beneficiary, as no consideration moves from him. Yet, if the promise, at the request of a party to the contract, runs to the third party, for his benefit, it would be inequitable not to allow the person for whose benefit such a contract is made to enforce it against one who made the promise. (*Seaver* v. *Ransom, supra; Graybar Elec. Co.* v. *Seaboard Sur. Co.,* 157 Misc. 275.)

Assuming, as we must for the purposes of this motion, that the facts alleged in the first defense are true, the plaintiff's promise not to press or sue upon his claim for a period of two years admits of no other interpretation than that it was made with the intent of bestowing a benefit upon the corporation. To benefit the corporation may not have been the ultimate motive

of the promise, but the intermediate goal in plaintiff's concern for his own welfare was to create, if possible, a solvent corporation. In fact, plaintiff's interest in improving the none too robust state of the defendant corporation indicates his intent that the promise, though made to Waring, should run to the corporation. Plaintiff's interest was that of the corporation; his contract could hardly be construed otherwise than as intending to benefit the corporation. The defendant corporation may, therefore, enforce the contract and properly plead this plaintiff's alleged promise in defense to his action against it.

The second separate and distinct defense interposed by the defendant corporation has no merit (Negotiable Instruments Law, §§ 3, 55, 110) and must be stricken.

Plaintiff's motion is granted as regards striking the second separate and distinct defense, and in all other respects is denied, without costs.

Submit order accordingly.