Bernard S. Meyer, J.
By motion originally returnable on September 9,1958, but after many adjournments finally returnable on November 18, 1959, the defendant moves to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.
*854 The complaint reveals: that premises known as 1526 to 1540 Newbridge Road, North BeBmore, New York, were owned by the Bernard Associates No. 2, Inc., prior to June 6,1957; the defendant was the owner and holder of all of the stock of that corporation ; three mortgages on the premises were held by the United States Life Insurance Company In The City of New York, a plaintiff herein; an agreement (annexed to the complaint) between the defendant and the mortgagee above named was made on June 6, 1957, whereby the mortgagee consented to a consolidation of the three mortgages and an extension of time for the payment of said mortgages as consolidated upon the defendant’s promise that if either of two tenants in the premises defaulted in the payment of rent or in the performance of covenants of their leases, he (the defendant) would pay the rent ‘1 to the landlord of the premises, or the successors or assigns of said landlord, and also all damages that may arise in consequence of the non-performance of the said covenants, or any of them, without requiring notice of any such default from the landlord, or its successors or assigns.” It is further provided in said agreement that on “ a sale of the premises, the Second Party agrees that the First Party [the defendant] shall be released from the obligations hereby assumed by him, provided, however, that at the time of the sale of said premises there shall be paid the sum of $25,000 in further reduction of the balance of the principal sum of the mortgage ”. The plaintiff Morris Brevda acquired title to the premises on March 14, 1958. Six causes of action for money damages based on alleged defaults by the two tenants are stated in the complaint.
The defendant contends (1) that the individual plaintiff has no cause of action against him either directly or as the alleged beneficiary of the agreement made by the defendant with the plaintiff mortgagee on June 6, 1957, and (2) that the mortgagee has no cause of action at this time for there is no allegation in the complaint showing any loss to the mortgagee as a result of the tenants’ defaults.
The plaintiff Brevda bases his right to sue on the Lawrence v. Fox (20 N. Y. 268) doctrine, but the court, after considering that doctrine as extended and amplified in Seaver v. Ransom (224 N. Y. 233) finds no right of action in him. First, the mortgagee was under no legal or moral obligation to confer a benefit upon the landlord or its successor Brevda. Second, mortgagee was a creditor rather than a debtor of the landlord. Third, a public contract was not involved. Fourth, defendant did not make a direct promise to the landlord, or its successor, Brevda, with the consideration furnished by the mortgagee. The *855 four categories underlined above, and set forth in Seaver v. Ransom (supra, pp. 237-238), have not been enlarged by any subsequent case cited by the parties or examined independently by the court. Moreover, it clearly appears that the primary or dominant purpose of the agreement was protection of the mortgagee’s security not benefit to the landlord. Were there any doubt on that score, it is settled by the last paragraph of the agreement, quoted in part above, which shows that if the defendent were to pay the mortgagee $25,000, he would be released from all obligations under the agreement. The authorities hold that to enforce a contract, the third-party beneficiary must show that “ the agreement was entered into for his direct benefit. The fact that said agreement was merely for his incidental benefit is not sufficient.” (Stafford v. Polar S. S. Corp., 44 N. Y. S. 2d 509, affd, 269 App. Div. 946; Skinner Bros. Mfg. Co. v. Shevlin Eng. Co., 231 App. Div. 656, affd. 257 N. Y. 562.)
Insofar as the plaintiff mortgagee is concerned, the complaint is also deficient. There is no allegation that said plaintiff has sustained any loss as a result of the breach of the leasing agreements by the tenants.
The motion is granted, with leave as to the plaintiff mortgagee to plead over within 20 days after service of a copy of the order entered hereon, if so advised.
Short-form order signed.