**ESTATE OF Mary King PATTERSON, James J. Patterson, Executor, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 1199, Docket 84–4008.**

United States Court of Appeals, Second Circuit.

Argued May 10, 1984.

Decided May 30, 1984.

John R. Schoemer, Jr., New York City (Roger E. Williams, Townley & Updike, New York City, of counsel), for appellant.

Elaine F. Ferris, Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for appellee.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and BONSAL, District Judge.*

PER CURIAM:

The Estate of Mary King Patterson, James J. Patterson, Executor (the Estate), appeals from a decision of the United

* Of the Southern District of New York, sitting by designation.

States Tax Court, Irene Scott, Judge, which sustained the Tax Commissioner's determination of a deficiency of $729,624.76 in federal estate taxes. We affirm substantially for the reasons stated in the opinion of the Tax Court, T.C.Memo. 1983–381 (June 27, 1983).

The facts of this case were stipulated to by the parties and are well summarized in the Tax Court opinion. The only question before the Tax Court and before us on appeal is whether the remainder interest in a testamentary trust created by decedent's husband was properly includable in decedent's gross estate for estate tax purposes pursuant to Section 2033 of the Internal Revenue Code of 1954, 26 U.S.C. § 2033 (1982). The Tax Court held that it was so includable because the remainder passed to the decedent outright under her husband's will and because the decedent did not disclaim the legacy of the remainder interest. We adopt both the conclusion and the reasoning of the Tax Court. In addition, we briefly address two of petitioner's arguments on appeal.

The Estate argues that Mrs. Patterson's application in 1975 to the voting trustees of the trust to issue her a certificate as life tenant only in the trust should be construed as a renunciation of the trust, thereby removing it from her gross estate. However, even if the 1975 application is so construed, the mere effecting a present gift of property subject to a retained life estate does not remove that property from her estate for estate tax purposes pursuant to I.R.C. § 2036, 26 U.S.C. § 2036 (1982).

Second, the Estate contends that the Tax Court failed adequately to consider Mrs. Patterson's son James' rights to the remainder interest, further contending that if it had considered his rights it would have concluded that the remainder properly belonged to him and not to the Estate. The argument is that the 1938 Antenuptual Agreement between decedent and her husband-to-be gave outright ownership of the remainder to the son, and that the subsequent will could not validly otherwise dispose of the property.

However, the Tax Court found that the Antenuptual Agreement by its terms constituted a conditional promise to execute a will disposing of the remainder to the son, and not a present gift of that remainder interest. Such a finding was not clearly erroneous. Whatever rights James Patterson had to the remainder existed because he was a third-party beneficiary of a contract to execute a will and to make a specific disposition thereunder, *Seaver v. Ransom*, 224 N.Y. 233, 120 N.E. 639 (1918), and not because he was made a gift of that remainder in the Antenuptual Agreement. Thus the Tax Court's finding that the remainder properly belonged to the Estate did take into account the son's rights to that same remainder, which in any event were waived by operation of law in 1952 when he failed to bring a breach of contract action within New York's six-year statute of limitations period, N.Y.Civ. Prac.Law § 213 (McKinney 1972). *See Allen v. Payson*, 170 Misc. 759, 11 N.Y.S.2d 28 (Sup.Ct. Queens Co. 1939) (contract claim against estate subject to statute of limitations under state law). This is true even though the remainder would have been a future interest; the breach of contract by the late Mr. Patterson occurred, and the son's cause of action accordingly accrued, N.Y.Civ.Prac.Law § 203(a) (McKinney 1972), at the time of his death. *Allen v. Payson, supra.*

Judgment affirmed.