Lillias D. Cooke and Norma MacD. Fischer, Plaintiffs, *v.* Charles C. Burlingham, as Executor of and under the Last Will and Testament of William Coverly, Deceased, and Rebecca Frances Coverly, Defendants.

Lillias D. Cooke and Norma MacD. Fischer, Plaintiffs, *v.* Rebecca Frances Coverly, Defendant.

(Supreme Court, Kings Trial Term, January, 1919.)

Wills — power to dispose of property is principal incident of absolute ownership — insufficiency of evidence to establish contract between husband and wife to make mutual wills — pleading.

Power to dispose of property as one pleases is the principal incident of absolute ownership.

In an action to establish a contract between husband and wife to make mutual wills the burden is upon the plaintiff to establish the contract by clear and convincing evidence.

Where the language of the mutual wills of parents in giving his or her property to the other forbids the inference of a contract limiting the absolute ownership of property bequeathed to the survivor and indicates that both parents intended that the survivor of them should have power to revoke the bequests in his or her will to their two daughters, the complaint in an action brought to establish that the parents had agreed that such bequests should be irrevocable will be dismissed upon the merits.

Mutual wills were made by a husband and wife at the same time and place. He survived her and was the executor named in her will and though after his death his will could not be found, it was satisfactorily proved by the testimony of the lawyer who drew both instruments, that its wording was precisely like that of the wife's will. By the first paragraph of said will he gave her all his property absolutely in the same language used in the first paragraph of her will, by which she gave all her property to him, and the second paragraphs of both instruments were just the same except as to the persons named as legatees of money. The husband remarried and conveyed to his second wife his residence which he

Supreme Court, January, 1919.          [Vol. 105.

had acquired under the will of his deceased wife, and also left a will, which was duly admitted to probate, by which he substantially bequeathed all of his estate to his second wife. In an action brought by the two children of the testator by his first wife, to establish a contract of mutual wills between their parents, the plaintiffs contended that in consideration of the identical and cross provisions of both wills their parents had agreed with each other that the survivor would adhere to and carry out the provisions of his or her will, giving to plaintiffs practically all of his or her property, including not only the property that had been acquired by their father under the will of their mother, but also any property that he had acquired from other sources. Upon dismissing the complaint upon the merits, *held*, that both of the mutual wills indicated that the parents of plaintiffs intended that the survivor should have the power to revoke the bequests in his or her will to the plaintiffs rather than that they had agreed that such bequests should be irrevocable.

The effect of such a contract as contended for by plaintiffs would deprive their father of the absolute ownership of his property and make him, to some extent, a trustee thereof for plaintiffs.

ACTIONS to establish contract of mutual wills, between parents of plaintiffs, tried by the court without a jury.

Santiago P. Cahill and John Delahunty, for plaintiffs.

William Paul Allen, for defendant Charles C. Burlingham.

Clarence B. Campbell and Bruce R. Duncan, for defendant Rebecca Frances Coverly.

SCUDDER, J. The plaintiffs are the only children of Margaret A. Coverly and William Coverly. The object of both the actions which they have brought is to establish a contract of mutual wills between their parents.

The burden of proof is upon the plaintiffs to estab-

lish the making of such contract by clear and convincing evidence. There being no direct proof of such contract, it is not enough that from the language of the wills and the surrounding facts and circumstances it can be equally well argued that such contract was made or that it was not made.

Margaret A. Coverly and William Coverly had separate estates. On September 7, 1895, at the same time and place, both executed before the same witnesses wills which had been drawn by the same lawyer.

The disposing provisions of the will of Margaret A. Coverly were as follows:

" *First.* I give, devise and bequeath all my estate, both real and personal, and wheresoever situated, absolutely to my said husband William Coverly, in case he shall survive me, to and for his own use forever.

" *Second.* In case my said husband shall not survive me I dispose of my said estate as follows: 1. I bequeath the following legacies: To my sister Virginia P. Powers, the sum of one thousand dollars; to my son Daniel Fanshaw the sum of One thousand dollars. 2. All the rest, residue and remainder of my said estate I give, devise and bequeath to my daughters Lillias Doughlas Cooke and Norma McDonald Fischer to be divided equally between them, share and share alike. But should either of my said daughters not survive me then I give, devise and bequeath the share which such deceased daughter would have taken to her issue, if any, and failing such issue to my surviving daughter or her issue, such issue, in all cases, to take *per stirpes* and not *per capita.*"

William Coverly's will of September 7, 1895, could not be found, and it was therefore not put in evidence upon the trial. It was, however, satisfactorily proved by the testimony of the lawyer who drew the wills that its wording was precisely like that of the wife's will;

by the 1st paragraph of his will he gave his wife all his property absolutely in the same language as was used in the 1st paragraph of her will, and the 2d paragraphs of the two wills were just the same except as to persons named as the legatees of the money legacies.

The husband of one of the plaintiffs testified that on the day before the execution of the wills Mr. Coverly, in a conversation at the dinner table, had stated in the presence of his wife " that he had instructed his lawyers to draw the wills according to their mutual agreement and arrangement, leaving the property to each other, and in the event of their death to be equally divided between the two daughters." While I do not question that Mr. Coverly made some such statement concerning the wills, nevertheless I do not believe that the witness after the lapse of twenty-three years can recall the exact language of Mr. Coverly. Moreover, the statement of Mr. Coverly as the witness recalls it is too indefinite to be helpful. In effect it was merely a statement by Mr. Coverly that he and his wife had agreed to make the wills which were made. This is far from a declaration by him that he and his wife had agreed to make mutual wills in the sense which the plaintiffs contend, namely, that it was agreed that the survivor would adhere to the provision in his or her will giving his or her property to plaintiffs.

The determination of the case is therefore left entirely dependent on the inferences to be drawn from the language of the wills and the facts and circumstances which surrounded their making.

Margaret A. Coverly died on March 24, 1906. Her husband, William Coverly, survived her. He probated her will of September, 1895, and duly qualified as her executor. On August 28, 1909, he married the defend-

ant, Rebecca Frances Coverly. William Coverly died on December 25, 1917. During his lifetime he conveyed to her his residence which had been the property of his first wife and which he had acquired under her will. He also left a will dated September 4, 1912, which bequeathed substantially all his property to his second wife. This will was probated and the defendant Burlingham qualified as the executor thereof.

The contract of mutual wills for which the plaintiffs contend is in substance that their parents, in consideration of the identical and cross provisions in the two wills, had agreed with each other that the survivor would adhere to and carry out the provisions of his or her will giving to the plaintiffs practically all of his or her property, which would include not only the property that had been acquired by the survivor under the will of the deceased spouse, but also any property that the survivor had acquired from other sources.

Such a contract would deprive the father, he being the surviving parent, of the power of disposition of his property to others either by will or by gift in his lifetime. Power to dispose of property as one pleases is the principal incident of absolute ownership. The effect of such a contract would deprive the father of the absolute ownership of his property and make him to some extent a trustee thereof for the plaintiffs.

It seems to me that the language employed in the wills of Mr. and Mrs. Coverly in giving his or her property to the other forbids the inference of a contract between them limiting the ownership of the property bequeathed the survivor as contended by plaintiff. The language in both wills was precisely alike and no more apt words could have been employed in order to confer complete and full ownership. The wife's will gives her property to her husband " absolutely " and " to and for his own use for ever." No refer-

ence whatever is made to the husband's will and there is nothing to indicate any intention by the testatrix to place any limitation whatsoever on the power of her husband to dispose of the property bequeathed as he pleased. It is to be assumed that the wife knew the import of the words of absolute gift in her will and that she intended in giving the property to him absolutely to confer upon him power to revoke the provision in his will giving his property to the plaintiffs in case she did not survive him. It is to be borne in mind in this connection that the husband's will contained a reciprocal provision giving his property to his wife absolutely, and that she would have had equal advantage of absolute ownership of the property bequeathed in case she had survived him.

The wills seem to me to indicate that the parents intended that the survivor should have the power to revoke the bequests in his or her will to the plaintiffs, rather than that they had agreed, as plaintiffs contend, that such bequest should be irrevocable.

Judgment for defendants in each case dismissing the complaint on the merits, with costs.

Judgment for defendants in each case.