GEORGE R. HARDIE, Respondent, *v.* BENT MILK FOOD CORPORATION, Appellant, Impleaded with THE INTERNATIONAL MILK PRODUCTS COMPANY and Others, Defendants.

Third Department, January 9, 1924.

Contracts — action to recover for breach of contract — appellant entered into contract with other corporation defendant to supply raw milk to it — other corporation defendant contracted to sell condensed milk to plaintiff to be manufactured from milk delivered by appellant — contract between corporation defendants not made for benefit of plaintiff — appellant not liable to plaintiff for breach of its contract with other corporation defendant.

In an action to recover damages for the breach of three contracts the plaintiff alleged that the appellant and the other corporation defendant entered into a contract whereby the appellant agreed to supply the other corporation defendant with raw milk and to furnish a room in its factory for the manufacture of the same into condensed milk; that a second contract was made by the plaintiff with the other corporation defendant in which said corporation defendant agreed to sell condensed milk to the plaintiff which was to be manufactured from the raw milk supplied by the appellant; that a third contract was entered into by the plaintiff, the appellant and the other corporation; and that the appellant breached its contract with the other corporation defendant to the injury of the plaintiff.

*Held,* that the first two contracts were entirely separate and distinct, and the plaintiff was not a party to the contract between the appellant and the other corporation defendant, nor was said contract made for the benefit of the plaintiff within the meaning of the rule permitting a third person to sue on a contract made for his benefit, and, therefore, the complaint did not, as to the appellant, state a cause of action.

The third contract was ineffective to give to the plaintiff any right of complaint against the appellant for the non-performance by it of the first contract.

APPEAL by the defendant, Bent Milk Food Corporation, from an order of the Supreme Court, made at the Jefferson Special Term and entered in the office of the clerk of the county of St. Lawrence on the 7th day of April, 1923, denying said defendant's motion for

33

judgment dismissing the complaint made upon the ground that the complaint does not state facts sufficient to constitute a cause of action against said defendant.

*Purcell, Cullen & Pitcher* [*Henry Purcell* of counsel], for the appellant.

*Lawrence Russell,* for the respondent.

H. T. KELLOGG, J.:

The complaint set forth the terms of three separate contracts, dated, respectively, May 11, 1916, May 12, 1916, and September 7, 1916. The parties to the first contract were the defendant the Bent Milk Food Corporation and the defendant the International Milk Products Company. The contract called for the delivery of raw milk by the Bent Corporation to the International Company. The parties to the second contract were the International Milk Products Company and the plaintiff. The contract called for the delivery to the plaintiff of condensed milk manufactured by the International Company from raw milk delivered to it by the Bent Corporation. The third contract was supplementary to the earlier contracts. The parties thereto were the plaintiff, the International Milk Products Company and the Bent Milk Food Corporation. The complaint alleged a breach of the first contract by the Bent Corporation, a breach of the second contract by the International Company, and a breach of the third contract by both the International and the Bent companies. It asserted that the plaintiff was damaged by these breaches, and sought recovery therefor from both the defendants named. The defendant the Bent Milk Food Corporation moved at Special Term to dismiss the complaint as against it on the ground that no cause of action was stated. The motion was denied, and this appeal was taken.

*The contract of May 11, 1916.* The Bent Corporation promised to deliver to the International Milk Products Company during the months of June to October, inclusive, in the year 1916, all milk, not exceeding 40,000 pounds per day, received by it under contracts with its patrons at its factory in Morristown, N. Y. The International Company promised to pay for such milk fifty cents in advance over the contract prices paid by the Bent Corporation to its patrons. The Bent Corporation further agreed to furnish to the International Company space and facilities in its Morristown factory for the manufacture by that company of condensed milk from the raw milk furnished by it. It further gave to the International Company the privilege of purchasing the milk which would be received by it during the five winter months following the month of October, 1916, and of continuing during

such months the other privileges granted by the contract. The price of such milk was to be fifty cents per 100 pounds in excess of the prices to be paid to the patrons of the factory. The option of renewal was to be exercised by the International Company within thirty days after the Bent Corporation had announced its winter prices to be paid for milk.

*The contract of May 12, 1916.* The International Milk Products Company agreed to sell and the plaintiff agreed to buy 20,000 cases of condensed milk during June and July, 1916. In addition, the International Company agreed to deliver to the plaintiff, at the option of the latter, " further amounts manufactured at the Bent Milk Food Corporation plant at Morristown, New York, during the continuance of a certain contract dated May 11, 1916, entered into between the seller and the said Bent Milk Food Corporation, and any renewals thereof up to April 1, 1917." The International Company agreed to renew the contract for the further period of five months from October 31, 1916, provided it received from the plaintiff a demand in writing therefor, made prior to the expiration of the International's option of renewal under its contract of May eleventh with the Bent Milk Food Corporation, and provided the plaintiff accompanied its demand with an order for 10,000 cases to be delivered on demand as manufactured. The plaintiff agreed to pay certain stated prices for cases of condensed milk delivered prior to October 31, 1916. Winter prices were regulated as follows: " Prices for the five months after October 31, 1916, shall be the same prices hereinbefore mentioned, as increased or diminished to the extent of the difference between the actual cost to said Bent Corporation of the raw milk so used and $1.52½ per hundred."

*The contract of September 7, 1916.* This instrument was executed by the Bent Milk Food Corporation, described as the party of the first part, the International Company, described as the party of the second part, and the plaintiff, George R. Hardie, described as the party of the third part. It contained a recital to the effect that the parties thereto had " interdependent relations one with the other in the manufacture and marketing of dairy products," and that they were " desirous of making definite and certain their respective rights and obligations under certain contracts in which they are mutually interested." It expressed a consideration of one dollar paid by each of the parties to each of the other parties. It contained a promise of the party of the first part to pay its patrons for milk during the winter months following October 31, 1916, two dollars per 100 pounds for the months of November, December and January, one dollar and ninety cents per 100 pounds for the month

of February, and one dollar and seventy-five cents per 100 pounds for the month of March. It provided that if the stipulated prices for milk should prove less than was paid at certain local stations and it became necessary to approximate such prices in order to obtain milk, then the party of the first part and the party of the second part would each pay one-half of the necessary increase over the stipulated prices. In case the party of the first part succeeded in increasing its milk receipts by 10,000 pounds per day or more, the party of the second part agreed to pay to the party of the first part during the months of September and October ten cents per 100 pounds in addition to the stipulated prices, and the party of the third part agreed to pay to the party of the second part an additional ten cents per case during such term. The instrument further contained a demand by the party of the third part made upon the party of the second part that it should renew its contract of May 11, 1916, with the party of the first part, and an order from the party of the third part directed to the party of the second part for the delivery of 10,000 cases of condensed milk, to be delivered on demand as manufactured.

The complaint contained allegations to the effect that the several parties to the foregoing agreements performed their respective obligations thereunder, and carried on the sales therein provided for, until on or about January 1, 1917; that on said date the defendant, the Bent Milk Food Corporation, sold its Morristown plant to the defendant, the Hires Condensed Milk Company; that thereafter the defendant, the International Food Products Company, ceased to manufacture and deliver condensed milk as provided by the contract; that the latter company surrendered to the Hires Condensed Milk Company possession of the rooms in the Morristown plant which had been provided for its use by the Bent Milk Food Corporation. It is the theory of the complaint that the plaintiff had an interest in the contractual obligation of the Bent Corporation to deliver raw milk; that the Bent Corporation, by selling its plant and discontinuing deliveries to the International Company, made the manufacture of condensed milk and its delivery to the plaintiff under his contract with the International Company impossible of performance; that the Bent Corporation was, therefore, responsible for the injury done the plaintiff.

The plaintiff was not a party to the contract of May eleventh between the Bent Corporation and the International Company. The Bent Corporation did not thereby promise the plaintiff to make deliveries of raw milk to the International. The name of the plaintiff is not mentioned therein. The Bent Corporation in turn was not a party to the contract between the plaintiff and the

International Company. The International did not thereby promise the Bent Corporation to make deliveries of condensed milk to the plaintiff. The two contracts were entirely separate. Each was independent of the other, and each was complete in itself. It is said that the contract between the Bent Corporation and the International Company was made for the benefit of the plaintiff. There is, of course, a class of cases where one party promises a second party to do an act for a third person, not a party, in which a breach by the first party affords a right of action to the third person. We have here no such case. The Bent Corporation was the promisor, the International Company was the promisee, and, as the milk was to be delivered to the International Company, that company, rather than a third person, was the beneficiary of the Bent Corporation's promise. The Bent Corporation had the right to restrict its own liberty of action as greatly or as little as it pleased. It chose to restrict it by a binding promise in favor of the International Company and no other person. No court has the power to enforce an obligation against it greater than that which was self-imposed. It is self-evident that the contracts of May eleventh and May twelfth did not bind the Bent Corporation to the plaintiff to make deliveries to the International Company.

The contract between the Bent Corporation and the International Company was subject to renewal for winter deliveries at the option of the International Company. The contract between the International Company and the plaintiff was subject to renewal for winter deliveries at the option of the plaintiff. The condensed milk was to be manufactured from the raw milk sold by the Bent Corporation to the International Company. The plaintiff, therefore, was placed in a position to require the International Company to renew its contract with the Bent Corporation. Winter milk is more expensive than summer milk. If the contracts were to be renewed one of the parties must have borne the burden of increased prices necessary to be paid to factory patrons. The International Company agreed to pay the Bent Corporation, whether for summer or winter milk, fifty cents more than was paid by the Bent Corporation. If its contract was renewed the Bent Corporation would not have been interested in minimizing prices to be paid its factory patrons. On the other hand, if the plaintiff renewed his contract with the International, he would have been vitally interested. This is so because he had agreed with the International, in case of renewal, that the prices for condensed milk should be advanced accordingly as the prices for the raw milk ingredient, paid by the Bent Corporation, exceeded $1.52½ per hundred. It was a business necessity, therefore, that the plaintiff, before demanding a

renewal, should first ascertain the prices to be paid by the Bent Corporation.

The contract of September 7, 1916, determined the prices to be paid for winter milk by the Bent Corporation. Thus the necessary preliminary to intelligent renewal was had. It also embodied a demand of renewal by the plaintiff and an order for 10,000 cases of condensed milk which was necessary to give sanction to the demand. While the instrument used words signifying that in the judgment of the parties it was an agreement it nevertheless contained no promise of any party, so far as material, except the promise of the Bent Corporation that it would pay factory patrons certain prices named for winter milk. No one here complains of a violation of that promise. Otherwise the Bent Corporation did not express a promise to make winter deliveries of raw milk to the International, the International Company did not express a promise to deliver condensed milk to the plaintiff, nor did the plaintiff or the International otherwise express promises. Doubtless the instrument constituted an acceptance by the plaintiff of an offer for winter deliveries made to him by the International Company in its contract with him of May twelfth, and an acceptance by the International of an offer of winter deliveries of raw milk made to it by the Bent Corporation in its contract with the International Company of May eleventh. The first acceptance made a contract between the plaintiff and the International Company consisting solely of terms expressed in the contract of May twelfth. The terms of that contract in no wise involved the Bent Corporation. That corporation, therefore, did not become a party to the contract which was made by the acceptance of such terms. The second acceptance made a contract between the International Company and the Bent Corporation consisting solely of terms expressed in the contract of May eleventh. The terms of that contract in no wise affected the plaintiff. The plaintiff, therefore, did not become a party to, or a beneficiary of, the contract which was made by the acceptance of such terms. We think that the so-called contract of September seventh was ineffective to give to the plaintiff any right of complaint against the Bent Corporation for the non-performance by it of the terms of its contract of May eleventh with the International Company, and that the plaintiff here has no remedy against it.

The order should be reversed and the complaint dismissed.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.