JOSEPHINE DREYER, Respondent, *v.* GEORGE H. HYDE et al., as Executors of HENRY H. DREYER, Deceased, et al., Appellants.

(Argued June 3, 1929, decided July 11, 1929.)

*Elmer E. Wigg* and *Brent W. Blythe* for George H. Hyde et al., as executors, appellants. The plaintiff failed to establish any contractual relationship as between herself and Anna Dreyer, based upon the agreement of September 29, 1904, by merely proving that she made and delivered quitclaim deeds to Frederick Joseph and Regina Dreyer upon attaining her majority. She should also have proved that she did so with knowledge of and in reliance upon the existence and contents of said agreement. (*Fitch* v. *Snedaker*, 38 N. Y. 248; *Howland* v. *Lounds*, 51 N. Y. 604; *Lally* v. *Cronen*, 247 N. Y. 58; *Cudahy* v. *C. & N. W. Railway Co.*, 196 Mo. App. 528.) The contract of September 29, 1904, did not constitute either an offer which could be accepted by the plaintiff, or a contract which could be adopted by the plaintiff, in the event that Anna Dreyer did not die before plaintiff attained her majority. (*Strong* v. *American Fence Construction Co.*, 245 N. Y. 48; *Simson* v. *Brown*, 68 N. Y. 355; *Wheat* v. *Rice*, 97 N. Y. 296; *Seaver* v. *Ransom*, 224 N. Y. 233.)

*George E. Miner* for Emma M. Eggers, as executrix, appellant. Plaintiff did not establish a contractual relationship between herself and Anna Dreyer, based upon the agreement of September 29, 1904, by proving only that when she became of age she made and delivered quitclaim deeds to Frederick Joseph and Regina Dreyer. She should have proved that she then had knowledge of and then relied upon the existence and contents of said agreement. (*Cudahy* v. *C. & N. W. R. Co.*, 196 Mo. 528; *Fitch* v. *Snedaker*, 38 N. Y. 248; *Howland* v. *Lounds*, 51 N. Y. 604; *Ball* v. *Newton*, 61 Mass. 599; *Beetson* v.

*Stoops,* 186 N. Y. 456.) The agreement of September 29, 1904, did not constitute an offer or promise which could be accepted or adopted by plaintiff in the event Anna Dreyer died before plaintiff became twenty-one years of age. (*Wescott* v. *Higgins,* 42 App. Div. 69; 169 N. Y. 582.)

*William Gerald Phlippeau* and *Thomas F. Casey* for respondent. Knowledge, acceptance and adoption of the contract by the plaintiff were abundantly established, not only by the evidence and the legitimate inferences which the trial justice was at liberty to draw therefrom, but also by allegations contained in the answers of the defendants. (*Bank of U. S.* v. *Dandridge,* 25 U. S. 64; *Jackson* v. *Tallmadge,* 246 N. Y. 133; *Townson* v. *Tickell,* 3 B. & Ald. 31; *Saltzsieder* v. *Saltzsieder,* 219 N. Y. 523; *Everett* v. *Everett,* 48 N. Y. 218; *Spencer* v. *Carr,* 45 N. Y. 406; *Munoz* v. *Wilson,* 111 N. Y. 295; *Schell* v. *Schell,* 192 App. Div. 419; *Talbot* v. *Laubheim,* 188 N. Y. 421; *Kraus* v. *Birnbaun,* 200 N. Y. 130; *Bender* v. *Paulus,* 197 N. Y. 369; *Seaver* v. *Ransom,* 224 N. Y. 233; *Croker* v. *N. Y. Trust Co.,* 245 N. Y. 17.) The appellants' contention, that the agreement and will of September 29, 1904, permitted Anna Dreyer to revoke the will after the plaintiff had delivered the quitclaim, is repugnant to an enlightened sense of justice. (*Robertson* v. *O. E. Co.,* 146 N. Y. 20; *Atwater* v. *Panama R. R. Co.,* 246 N. Y. 519; *White* v. *Hoyt,* 73 N. Y. 505; *Gillet* v. *Bank of America,* 160 N. Y. 549; *Halpin* v. *Insurance Co.,* 120 N. Y. 73.)

LEHMAN, J. Anna Dreyer died in February, 1921, leaving a last will and testament dated March 19th, 1914. At various times prior to her death she transferred to her surviving children the proceeds of property sold by her. The plaintiff, Josephine Dreyer, is the daughter and only heir at law of a deceased son of the testatrix. She did not share in such transfers or distributions. The estate of the

testatrix at her death was less than $40,000. Under the terms of the will the plaintiff received a legacy of $10,000. She accepted the legacy but thereafter she claimed that the testatrix had agreed not to change a prior will made on September 29th, 1904, whereby the plaintiff was to receive one-fifth of the property of the testatrix. The courts below have adjudged that the testatrix agreed that she would not change the will she made in 1904 or reduce the benefit which plaintiff was to receive under its terms, and that the recipients of the bounty of the testatrix, their mother, must account to the plaintiff for a share of all moneys or property received by them as a gift after the making of the will.

In 1904, when the testatrix made her prior will, she was a tenant in common with one Frederick Joseph of a parcel of land in Queens county. She occupied and, with a son, cultivated the easterly portion of the parcel. Joseph occupied the westerly portion. They desired to divide the property by an exchange of deeds whereby each should obtain full title to the portion he or she occupied.

The whole parcel had been conveyed to the husband of the testatrix, Garret Dreyer, and Frederick Joseph by deed recorded in 1889. Garret Dreyer conveyed to his wife his interest in the easterly portion of the parcel by deed recorded in 1894. She occupied this portion of the parcel, and a deed from Joseph to her would vest full title in her. Garret Dreyer died intestate in 1895, and his interest in the westerly portion of the parcel occupied by Joseph descended to his five children as his heirs at law. One of them, John Dreyer, died intestate in 1902, leaving a widow and the plaintiff, his daughter, as his only heir at law. In this portion of the parcel the testatrix had only dower rights, but in August, 1904, her four surviving children and the plaintiff, her granddaughter, joined in a conveyance of their interest in the parcel to the testatrix. Then the testatrix and Joseph exchanged deeds.

The plaintiff at that time was an infant nineteen years

old. She might still claim her interest in the property when she came of age. To that extent, the deed by the testatrix to Joseph of her interest in the westerly portion of the parcel failed to convey full title to the premises occupied by him. He desired assurance that the defect would be cured by a confirmatory deed from the plaintiff when she came of age. Accordingly the testatrix entered into the following agreement with Joseph bearing date September 29th, 1904, and recorded on January 3d, 1905:

" WHEREAS, Anna Dreyer has this day made her last Will and Testament, whereby she has given to Josephine Dreyer the interest that her son John Dreyer would have been entitled to had he been living at her death and which clause is as follows:

" ' *Seventh*. It is also my express wish and I will and direct that any interest that my grand-daughter Josephine Dreyer may or can have under any of the clauses of this my Will, as the child of my deceased son John Dreyer or otherwise, shall be contingent and shall not be paid to her nor shall she be entitled to the same or to any interest of any kind whatsoever under this will or to any part in my estate, unless or until she shall after she becomes twenty-one years of age, execute, acknowledge and deliver to my executors or their appointees a quit-claim deed releasing to them or their assigns all the right, title and interest and claim whatsoever which she may now at the date of this my Will have in and to all or any portion of certain premises described in a deed thereof, made to Frederick Joseph and Garret Dreyer by Elizabeth J. Bogart dated August 28, 1899, and recorded in the office of the Clerk of the County of Queens in Liber 790 of deeds at page 355.'

" The reason for this provision being made in her will is to secure the execution of the deed therein mentioned, so that the title of Frederick Joseph and Annie Dreyer shall be released from any claim that the said Josephine Dreyer may have and I do hereby agree with the said Frederick Joseph that I will not change my Will whereby

the said Josephine Dreyer shall receive or be entitled to · in my estate freed from said clause, until she shall have executed said deed and I will not reduce the interest of said child in her father's estate."

The plaintiff now claims the benefit of that agreement. On July 21st, 1906, when she was twenty-one years of age, she executed and delivered to Frederick Joseph a quitclaim deed releasing all her right, title and interest to the westerly half of the parcel. Though the plaintiff never had any interest in the easterly half of the parcel, she executed and delivered, at the same time, a quitclaim deed releasing her right, title and interest in that half to Regine Dreyer, who at that time held title to it. The trial court has found that by the execution and delivery of these deeds the plaintiff adopted the agreement of September 29th, 1904, entered into between the testatrix and Frederick Joseph.

To that agreement the plaintiff was not a party. It was not made for her benefit, and Frederick Joseph was, so far as appears, a complete stranger to the plaintiff, under no legal or moral duty towards her. The rule which, at times, permits one who is not a party to an agreement to enforce its obligations has not yet been extended to include such a situation. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Seaver* v. *Ransom*, 224 N. Y. 233.) Even if that rule were so extended, it would not avail the plaintiff. The agreement was made only to provide assurance that plaintiff would execute a confirmatory deed. When that was secured, Joseph had no further interest in any disposition which the testatrix, thereafter, might choose to make of her property, and by its express terms the obligation of the testatrix continued only until Josephine Dreyer " shall have executed said deed." Thereafter there was no express obligation which Joseph or any other person could enforce.

The real question in this case is whether the will and agreement made on September 29th, 1904, read together,

constitute an implied promise or offer made to the plaintiff that if she would execute a confirmatory deed, the testatrix would neither change the will she had made in plaintiff's favor nor, by other disposition of her property, reduce the benefit which plaintiff might receive under the will. It is difficult to find such an offer or promise to the plaintiff implied in will or contract, or in both read together. The legatees under the will had joined in a conveyance to the testatrix. The plaintiff might still disavow the binding effect of her conveyance. By the contract and will the testatrix fashioned an instrument by which a confirmatory deed might be extorted from the plaintiff at the death of the testatrix if the plaintiff had not voluntarily executed such a deed before. Provision that the plaintiff should be deprived of the benefit that she would otherwise receive under the will if she refused confirmation of her conveyance does not itself imply an agreement that benefit under the will should constitute payment or reward for a voluntary confirmation.

The record is entirely bare of any evidence that the testatrix ever made such an agreement, if indeed the evidence does not establish affirmatively that no such agreement was ever made. Even if upon this record an inference is possible that at the time when plaintiff executed and delivered the quitclaim deeds in 1906 she knew of the existence of the contract and will of 1904, there is no evidence that such knowledge acted, or was intended to act, as an inducement to the plaintiff to make the deed.

On the contrary, the plaintiff herself testified: " I merely signed. I felt that I was signing two years before, only that it was necessary to give my consent after I became twenty-one." It appears further that at that time the plaintiff received a check for $968.50. It is said that it was intended as a gift by the testatrix and not a payment for the quitclaim deed made by the plaintiff. It was, in fact, the plaintiff's equitable share in a distribution of the proceeds of the part of the parcel which the

testatrix had received upon its division. If that distribution was a gift, it was a gift distributed equitably among those who had previously conveyed their interest in the parcel to the testatrix. Though the distribution was made out of the proceeds of the portion of the property in which plaintiff never had an interest, the testatrix had received that portion upon the division of the parcel, which was made possible by the previous conveyance to her by her children and the plaintiff of their interest in the other half of the parcel.

For these reasons the judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.