GRACE GOLDSTONE, Respondent, v. YELLOW TAXI CORPORATION, Appellant.— Judgment reversed upon the law and the facts and a new trial of the issues raised by the defendant's first separate complete and affirmative defense granted. Under the circumstances there should be no costs of this appeal. The evidence on the question as to whether or not plaintiff was an employee of the defendant at the time of the accident presented a question of fact for the jury and the trial court erred in directing a verdict. Lazansky, P. J., Rich, Young and Tompkins, JJ., concur; Kapper, J., dissents.

FRED W. GOVIN, Appellant, v. WESTCHESTER COUNTY, Defendant. LOUIS PETRILLO, Respondent.— Judgment and order of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

THE S. J. GROVES SONS CO., Appellant, v. JAMES BERG, as Mayor, THOMAS HODGE, as President of the Board of Aldermen, and as Acting Mayor, and Others, Respondents.— Order reversed upon the law, with ten dollars costs and disbursements, and motion for injunction *pendente lite* granted, with ten dollars costs. We are of opinion that the regulation of the hours for blasting operations is a subject committed by the Charter of the City of Mount Vernon █ to the health department, and that the regulation made by that department, by section 103 of the Sanitary Code, is superior and paramount to the power of the common council to enact an ordinance upon the same subject. (*People ex rel. Knoblauch v. Warden, etc.*, 216 N. Y. 154.) The ordinance adopted by the common council of the city of Mount Vernon on February 11, 1930, █ is, therefore, void. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

ANNA S. HAEFELI, as Administratrix, etc., of EDWARD HAEFELI, Deceased, Respondent, v. WOODRICH ENGINEERING CO., INC., and PHILIP H. DEIN, Appellants.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. We are of opinion that the charge, in its entirety, failed to state adequately the duty of the defendants with respect to the maintenance of the cesspool and the duty of the decedent in using it. Lazansky, P. J., Rich, Young, Kapper and Tompkins, JJ., concur.