CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, Appellant,
v. PHILIP H. DEIN, Respondent.

First Department, November 6, 1931.

*John E. Leddy* of counsel [*A. Bertram Samuels*, attorney], for the appellant.

*Joseph Linde*, for the respondent.

O'MALLEY, J.    The action is predicated upon a joint and several written indemnity agreement executed by the defendant Dein and the Woodrich Engineering Company, Inc., hereinafter designated Woodrich Company, to plaintiff. It was executed and delivered in consideration of plaintiff's giving a bond to stay execution on a judgment pending appeal to the Appellate Division, Second Department.

The judgment was for the sum of $35,130.87 and was recovered against the defendant Dein and the Woodrich Company, of which the defendant was president, by one Anna S. Haefeli, as administratrix. By the terms of the indemnity the defendant and the Woodrich Company were bound to pay the plaintiff any sums expended by reason of the execution of the bond.

The judgment in question was reversed by the Appellate Division and a new trial ordered. On appeal to the Court of Appeals, however, the judgment of the Appellate Division as to the Woodrich Company was reversed. (*Haefeli* v. *Woodrich Engineering Co., Inc.*, 229 App. Div. 742; 255 N. Y. 442.) The plaintiff thereafter was required to pay a total sum of $39,970.62 on account of the judgment. The action now brought seeks to recover this sum, and in addition, $1,340.55 as expenses necessarily incurred in connection with the bond.

The answer admits the execution of the appeal bond and non-payment by the defendant of the sum for which suit is brought. The agreement of indemnity, although in writing, is denied. As a first defense and counterclaim the defendant alleges that the defendant caused to be deposited with the plaintiff as indemnity by one Philip Jung " the sum of $15,000, and which represented monies belonging to the defendant," and that it was agreed between the plaintiff and the defendant herein that upon a reversal of the judgment " said sum of $15,000 would be returned to the said Philip Jung." It was further alleged that the liability upon the bond in question was conditioned upon an affirmance, modification, or a dismissal of the appeal, in which event the plaintiff was to pay the amount of the judgment, together with costs, not to exceed $500; that on appeal the judgment was reversed and that as a consequence the bond executed by the plaintiff was of no further force and effect. Further, that as a result and consequence, the plaintiff is indebted to the " defendant, and or, Philip Jung " in the sum of $15,000.

As a second defense it is alleged in substance that the defendant is not liable for the payments made to the plaintiff because the appeal bond was conditioned to become null and void in the event of a reversal by the Appellate Division, and that the payment of

said judgment after the affirmance by the Court of Appeals was not binding upon the defendant.

In opposition to the motion an affidavit by the attorney for the defendant was submitted in which attention is called to the language of paragraph " 2 " of the application for the bond, which provides: " The Indemnitor hereby pledges to and deposits with the Company as collateral security for the faithful performance upon the Indemnitor's part of each, every and all of the covenants and agreements herein contained to be kept, done and performed, the following: $15,000.00 Certified check," and the defendant's right to claim the $15,000 by way of counterclaim is asserted. It is then set forth in this affidavit that at the time the bond was delivered the defendant negotiated a mortgage loan with Jung, and received from Jung a check in the sum of $15,000, which defendant indorsed to the order of the plaintiff; that Jung received a receipt therefor from the plaintiff, which receipt is now in the possession of Jung or his attorney, to the effect that in the event of the judgment being reversed by the Appellate Division, the plaintiff herein would return to Jung $15,000; that said sum has been returned by check of the defendant to Jung and that the defendant herein claims that he is entitled to said sum represented by said receipt which is now in the possession of Jung.

The collateral of $15,000 deposited was referred to in the moving papers. It was alleged that the deposit was made by Philip Jung by certified check and that Jung has instituted an action against the plaintiff to recover the collateral. It is further alleged that whether defendant is entitled to a credit for this sum will depend upon the outcome of the jury action, and that in any event plaintiff is entitled to a partial judgment, less this sum.

It is further set forth in the affidavit in opposition to the motion that the bond in question was conditioned only on determination of the case on appeal to the Appellate Division; that there was nothing in the bond which provided for any further appeal or any responsibility in event thereof; that as the judgment was reversed, the bond came to an end and was no longer of any force and effect. It is further alleged that " The defendant herein claims that aside from the written claim to indemnity, and aside from the bond itself, there were certain conversations had between officers of the plaintiff and himself, at the time of the execution of the bond, under and by the terms of which it was agreed that the only liability upon the defendant herein to pay would be in the event that the judgment, on appeal, would be wholly or partially reversed [' affirmed ' obviously intended], or in the event the appeal was dismissed, and it was pursuant to that agreement that the plaintiff

issued the receipt, hereinbefore referred to, to Philip Jung, in the sum of Fifteen Thousand ($15,000.00) Dollars, stating therein that if the judgment was reversed that the defendant would return the said Fifteen Thousand ($15,000.00) Dollars to said Philip Jung."

It is to be observed that the second defense is predicated solely upon the proposition that an appeal bond binds the surety only upon an appeal to an intermediate court and that no liability remains after the intermediate court has reversed the trial court, notwithstanding the subsequent reversal of the intermediate court by a higher tribunal. It is well settled that an intermediate reversal of a judgment does not discharge the surety on an appeal bond if the higher court subsequently reverses the intermediate court. (*Foo Long* v. *American Surety Co.*, 146 N. Y. 251; *Robinson* v. *Plimpton,* 25 id. 484; *Doolittle* v. *Dininny,* 31 id. 350, 353; *Humerton* v. *Hay,* 65 id. 380.) The second defense, therefore, is wholly insufficient.

As already observed, the indemnity agreement was in writing. The claim, therefore, asserted in the opposing affidavit submitted by defendant's attorney that there was an understanding at the time the indemnity agreement was issued that the defendant was not to be liable in the event of a reversal in the Appellate Division cannot avail. Such an agreement is not claimed to be in writing. Proof offered in support of such an oral understanding would not be receivable, as it would tend to contradict the terms of the written agreement between the parties.

With respect to the counterclaim, in so far as it relates to the $15,000 deposited as collateral, defendant has probably shown sufficient facts entitling him to defend. While his opposing affidavit is to the effect that the $15,000 has in fact been returned to Jung, the moving papers disclose that plaintiff is a defendant in a suit brought by Jung to recover the $15,000 collateral. It is not admitted, however, that such collateral has been returned to Jung. As the defendant might be entitled equitably to have this collateral applied on his indebtedness to the plaintiff, summary judgment may not be awarded to the plaintiff of this amount.

So far as the sum alleged to have been necessarily expended in connection with the judgment is concerned, this item has been put in issue by the defendant's answer. As the plaintiff has not attempted to show the reasonableness of such expenditure, a triable issue with respect thereto has been raised. The plaintiff, therefore, may not have summary judgment with respect to this item.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted in

so far as to grant plaintiff partial summary judgment in the sum of $24,970.62, and by severing the action and directing that the action proceed as to the balance of plaintiff's claim, with leave to plaintiff to reply to the counterclaim contained in the answer within twenty days from service of order with notice of entry thereof.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted in so far as to grant plaintiff partial summary judgment in the sum of $24,970.62, and by severing the action and directing that the action proceed as to the balance of plaintiff's claim, with leave to plaintiff to reply to the counterclaim contained in the answer within twenty days from service of order. Settle order on notice.