WESTCHESTER MILK COUNCIL, INC., et al., Plaintiffs, *v.* CITY OF MOUNT VERNON et al., Defendants.

Supreme Court, Special Term, Westchester County, May 12, 1952.

*Hays, Wolf, Schwabacher, Sklar & Epstein* for plaintiffs.

*Harry Zimmerman, Corporation Counsel (Samuel Collins* of counsel), for defendants.

GALLAGHER, J. This is a motion by plaintiffs in an action for a declaratory judgment for judgment on the pleadings and to strike certain allegations from the answer as sham and frivolous. There is a cross motion by defendants to strike certain allegations of the complaint as irrelevant.

The action arises out of an ordinance adopted by the common council of Mount Vernon requiring the dating of milk. The State, county and city sanitary codes formerly had such provisions, but they have been repealed as contrary to public interest in the opinion of the health authorities. The ordinance was enacted subsequent to such repeal.

Plaintiffs maintain that the ordinance is invalid as an attempt by the council to override the health department's exclusive jurisdiction and as inconsistent with the State Sanitary Code. In *Groves Co.* v. *Berg* (229 App. Div. 742) the issue was whether the common council of Mount Vernon had power to enact an ordinance inconsistent with its sanitary code. The court there held that the regulation of the health department is superior and paramount to the power of the common council to enact an ordinance on the same subject. This court cannot see any substantial difference between an ordinance which contravenes provisions of the sanitary code, and one which tries to re-enact a provision repealed to do away with a former requirement now felt to be against public interest.

Plaintiffs' motion to strike allegations from the answer and for judgment on the pleadings is granted. Defendants' motion to strike allegations of the complaint is denied. Submit order on two days' notice.