John D. Bennett, S.
This is an application for advice and direction in the sale of real property under section 215 of the Surrogate’s Court Act. The basic attack upon the petition, which must be disposed of preliminarily, is that the facts do not present a proper case for the exercise of the court’s discretion in favor of entertaining this application.
The court is of the opinion that sufficient facts appear to warrant its intervention in the situation in which the administrator finds himself. An agreement arising out of a controversy between Rosalie Gr. Jones, the life tenant under the decedent’s will of Plot No. 6, and the estate as to the devolution of the remainder interest to this plot, makes provision for the sale of such plot pending a final determination of the controversy. The parties to this agreement are Theodore B. Klapper, the administrator e. t. a., who is the petitioner in this proceeding, Rosalie Gr. Jones, and one Maxwell Ross. The sale of Plot No. 6 was apparently consented to by the parties to the agreement because of the financial inability of the life tenant to pay the current expenses and upkeep of the property. The mechanics of the proposed sale authorize the administrator to negotiate the sale “ at a price and upon terms deemed by him to be fair and reasonable ”. Upon the receipt by the administrator of a “fair and reasonable” offer, Mr. Ross is given seven days after notice of the original offer to obtain a higher price on the same terms. In the event a higher price is procured by him, and the administrator notified of that fact within the seven days, the agreement provides that “ Plot No. 6 shall forthwith be sold to the offeror specified in Ross ’ said notice ’ ’.
Following the execution of the agreement, the administrator received an offer from Miltod Corporation at a price of $1,520 per acre. Subsequently and within the seven days’ period, notice was received that the respondent Wicks agreed to pay $1,550 per acre under terms similar to the Miltod offer.
The administrator is plainly in need of advice and direction from the court because of the unusual and peculiar circumstances in which he finds himself. On the one hand, he wishes to preserve the Miltod offer and fears losing it, and on the other, he is faced with a strenuously argued position that the respondent Wicks has an enforcible contract which would support an action for specific performance (see Matter of Graves, 197 Misc. 555).
As to the merits of the respondent Wicks’ position, his answer seeks affirmative relief to the effect that the court direct *237 a conveyance of the premises to him. Ordinarily the Surrogate’s Court does not have jurisdiction of an action for specific performance unless it is necessary and incidental to the main proceeding (Surrogate’s Ct. Act, § 40; Matter of Venblow, 2 A D 2d 365). It is clear here that a determination of the alleged rights of Mr. Wicks to the property is an integral part of a final determination in the main proceeding.
Mr. Wicks is not a party to the contract of August 22, 1958 and accordingly, if he has any rights in such agreement, they can arise only by reason of the fact that he is a third-party beneficiary. However he is neither a donee nor a creditor third-party beneficiary but an incidental third-party beneficiary who has no enforcible rights against any of the other parties to the agreement (2 Williston, Contracts, § 402, Restatement, Contracts, § 147). The burden was his to demonstrate that he had such enforcible rights under the contract (Matter of Conay, 121 N. Y. S. 2d 481, opinion adhered to 125 N. Y. S. 2d 62, affd. 284 App. Div. 950). In the case last cited, the court collated the leading cases in New York and stated (121 N. Y. S. 2d 481, 483-484):
‘6 A person not a party to the contract acquires the status of donee beneficiary, and is therefore entitled to enforcement of the contract, if and only if the promise is particularly exacted by the promises for the benefit of such third person, Seaver v. Bansom, 224 N. Y. 233, 120 N. E. 639, 2 A. L. B. 1187; Dreyer v. Hyde, 251 N. Y. 450, 167 N. E. 583; Skinner Bros. Mfg. Co. v. Shevlin Engineering Co., 231 App. Div. 656, 248 N. Y. S. 380, affirmed 257 N. Y. 562,178 N. ,E. 795; 2 Williston Contracts, sections 357, 364A; Restatement, Contracts, section 133. In the absence of proof of such a promise, a party benefited by the contract is an 1 incidental beneficiary ’ and ‘ acquires by virtue of the promise no right against the promisor or the promisee ’ (Restatement, Contracts, section 147).
“ The New York cases cast upon a person seeking to obtain the benefits of a contract to which he was not a party the burden of establishing that it was intended for his benefit. In Seaver v. Bansom, supra, 224 N. Y. at page 237, 120 N„ E. at page 640, the court speaks in terms of the ‘ right of the beneficiary to sue on a contract made expressly for his benefit ’. A later statement of the rule is to be found in Skinner Bros. Mfg. Co., Inc. v. Shevlin Engineering Co. Inc., supra. There the court said, 231 App. Div. at page 658, 248 N. Y. S. at page 382:
£ £ ‘ While a third party may recover in certain circumstances upon a contract made by others for the benefit of the third party (Seaver v. Ransom, 224 N. Y. 233, 120 N. E. 639, 2 A. L. R. *238 1187), yet it is a fundamental prerequisite that the alleged promisor should have made a promise for the benefit of the third party (cases cited). In Vrooman v. Turner [69 N. Y. 280, at page 283], Judge Allen, speaking for the court, said: “ To give a third party who may derive a benefit from the performance of the promise, an action, there must be, first, an intent by the promise to secure some benefits to the third party. * * * ” In Beveridge v. N. Y. El. R. R. Co., [112 N. Y. 1, 19 N. E. 489, 2 L. R. A. 648], Judge Gray said (at p. 26 of 112 N. Y., 19 N. E. 496): “ Where the plaintiff seeks to base his right to maintain his action against a third party upon a contract made between that party and another, it must be one made or intended for his benefit. Such a beneficial intent must be clearly found in the agreement. * * * But in all of the cases which I have examined, where the action was sustained, the facts showed that the promise clearly was for the third person’s benefit, and made with that distinct intention,” Without the existence of such a promise, no recovery may be had by the third party. ’ ’ ’
To hold that the contract contemplated an open offer made generally to the public or a class of people of which the respondent Wicks is one, and further that his letter of April 16, 1959, constituted an acceptance of that offer would be a strained interpretation of the acts of the parties as they themselves characterized them. The letter of April 16, 1959 contemplated not the acceptance of an offer already made but the making of an offer and the expectation of an acceptance which never came.
It appears that now Rosalie G. Jones, Maxwell Ross and all the beneficiaries of the residuary estate have aligned themselves with the administrator in advocating a sale to the Miltod Corporation. Under all the circumstances the court approves the offer of the Miltod Corporation to purchase Plot No. 6 at a price of $1,600 per acre upon the terms contained in the contract annexed to its original offer.
Settle decree on five days’ notice.