STANISLAUS ZBYSZKO and WLADYSLAW TALUN, Plaintiffs, *v.* THE WESTERN UNION TELEGRAPH COMPANY, Defendant.*

Supreme Court, Erie County, May 16, 1941.

*Alfred M. Zisser,* for the plaintiffs.

*Babcock, Hollister, Newbury & Russ,* for the defendant.

VAUGHAN, J. Motion under rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing plaintiffs' complaint.

The action is one to recover damages for failure of the defendant to deliver a telegram sent by the plaintiff Stanislaus Zbyszko to

* Affd., 262 App. Div. 1062.

one F. A. Musgrave at Pittsburg, Pa. The answer sets up as a separate defense failure on the part of the plaintiffs to present their claim in writing within sixty days following the filing of the message with the defendant for transmission as provided in paragraph 6 of the contract of acceptance and transmission printed on the back of said telegram.

The reply of the plaintiffs to said defense alleges that " prior to the commencement of the action and prior to the 5th day of December, 1940, the plaintiff, Stanislaus Zbyszko, reported to defendant that the message referred to in the complaint had not been delivered and requested an explanation." (¶ 4.) Continuing, the reply alleged that thereafter the defendant notified plaintiffs the reason for the non-delivery of said message and concluded by alleging " that by reason of the premises the defendant had due and adequate notice of the presentation of the claim."

Nowhere in either the complaint or the reply is it alleged that the plaintiffs at any time within the sixty-day period presented any claim for damages either in writing or orally growing out of the non-delivery of the telegram. The reasonableness of the requirement that claim be presented in writing within sixty days from the filing of the message for transmission is conceded by plaintiffs. In their brief submitted herein they state " the plaintiffs do not contest the validity and reasonableness of the provision." Plaintiffs' contention is that the sixty-day provision was to afford defendant information respecting the claim in order to enable it to investigate the same while the facts were fresh and available. Undoubtedly, such is one of the reasons for the provision but plaintiffs' argument overlooks the fact that neither the complaint nor the reply alleges that any claim, either oral or written, was made within the sixty-day period.

The court upon the decision of this motion is governed solely by the facts set forth in the pleadings. Merely seeking information as to the reason for the non-delivery of the message is far different from filing a claim for damages for non-delivery. The conditions upon which the telegram was accepted for transmission constituted a contract between the parties. One of the provisions of that contract required filing written claim for damages for non-delivery of the message within sixty days from the receipt of the message for transmission. This the plaintiffs failed to do. It is not for the court to make the contract between the parties but only to enforce the contract as made.

A careful consideration of all the facts as set forth in the pleadings leads to the conclusion that the defendant is entitled to judgment on the pleadings dismissing plaintiffs' complaint, without costs, and it is so ordered. Submit order.