## FOURTH DEPARTMENT, OCTOBER, 1941.
### (October 1, 1941.)

STANISLAUS ZBYSZKO and WYADYSLAW TALUN, Appellants, v. THE WESTERN UNION TELEGRAPH COMPANY, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order dismisses plaintiffs' complaint in an action for damages for failure to deliver a telegram promptly.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ. [177 Misc. 360.]

CHARLES H. WALES, Appellant, v. RUDOLPH ALFRED RIPPERGER, Respondent.— Order of Monroe County Court and order of Rochester City Court reversed on the law, with ten dollars costs and disbursements, and motion in Rochester City Court denied, with ten dollars costs. Memorandum: We think that when the bank released the defendant, without the plaintiff's consent, from his obligation to complete the purchase, reserving, however, its right to hold the defendant upon his agreement to pay commissions in case of non-performance on his part, it could be found that there arose a pecuniary obligation running from the defendant to the bank and from the bank to the plaintiff to pay commissions and that the plaintiff, under the circumstances, could adopt and claim the promise of the defendant to the bank as made for his benefit. All concur, Harris, J., in the following memorandum: The covenant in Exhibit " A " attached to the complaint may be construed as a covenant inserted by agreement of the parties thereto for the direct benefit of the plaintiff and made as a consideration for his securing the acceptance by the seller of the defendant's offer. Such proof may be the basis of a cause of action herein (*Seaver* v. *Ransom*, 224 N. Y. 233); except McCurn, J., who dissents and votes for affirmance. (The order affirms an order of the Rochester City Court dismissing the complaint in an action by a real estate broker to recover commissions.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS NICHOLS, Appellant.— Judgment of conviction and order affirmed. All concur, except Harris, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: The instruction of the court that the testimony of the little girl was sufficient to establish the additional proof required by section 395 of the Code of Criminal Procedure was material error because the little girl, although put on the stand, testified to nothing in reference to the matters in issue. (The judgment convicts defendant of the crime of assault, second degree. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.